■ EILEEN POBER, as Executrix of PAUL S. POBER, JR., Deceased, Appellant, v BOULEVARD HOSPITAL et al., Respondents.—In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Queens County, dated July 19, 1978, which, after a hearing, *inter alia,* granted summary judgment to defendants and dismissed the complaint as against each defendant. Order affirmed, without costs or disbursements. On or about October 19, 1974, plaintiff's decedent entered Boulevard Hospital and was treated by the individual defendants, Drs. Raymond Koval, Kenneth Seslowe and Bernard Perlman. On November 4, 1974 plaintiff's decedent died allegedly as a result of defendants' malpractice. On November 3, 1976 preliminary letters testamentary were issued to plaintiff Eileen Pober. That same day, the summons against each defendant was served upon the Queens County Clerk in an effort to toll the Statute of Limitations for wrongful death pursuant to CPLR 203 (subd [b], par 5). Within 60 days, plaintiff purportedly served a copy of the summons upon each defendant. Thereafter, plaintiff served a complaint on defendants' attorneys, alleging causes of action for conscious pain and suffering and wrongful death. Defendant Boulevard Hospital answered and pleaded, as affirmative defenses, that process was improperly served and that the "applicable" Statute of Limitations had expired. Defendants Koval, Seslowe and Perlman asserted one affirmative defense in each of their answers, namely that the action was barred by the two-year period of limitations for wrongful death set forth in EPTL 5-4.1. When plaintiff moved to strike each of the aforesaid affirmative defenses, defendants Koval, Seslowe and Perlman alleged improper service of process in their opposition papers. After a traverse hearing, Special Term dismissed the complaint as against each defendant on the ground that they had been improperly served with process. The evidence elicited at that hearing established that Drs. Koval and Seslowe were not personally served. Further, service upon Dr. Perlman was improperly effected pursuant to CPLR 308 (subd 4) without diligent attempts to serve him personally (see *Competello v Giordano,* 71 AD2d 871) and by mailing the summons to his *business address.* The process server also improperly assumed that Boulevard Hospital was a corporation when it was in fact a partnership and, consequently, failed to effect service upon one of the partners as required by CPLR 310. On appeal, plaintiff notes that defendants Koval, Seslowe and Perlman did not raise their claims of defective service either by motion to dismiss pursuant to CPLR 3211 or in their responsive pleadings. Admittedly, their claims of lack of in personam jurisdiction were untimely and improperly raised (see CPLR 3211, subd [e]). However, plaintiff failed to bring this procedural defect to the attention of Special Term. Rather, she requested a traverse hearing on the question of service. Having charted the procedural course, plaintiff is precluded from raising the issue of waiver upon appeal (see, e.g., *Cullen v Naples,* 31 NY2d 818; *Stevenson v News Syndicate Co.,* 302 NY 81, 87; *Hertz, Newmark & Warner v Fischman,* 53 Misc 2d 418). Since the credible evidence established that service was improperly effected, the complaint was properly dismissed. Mollen, P. J., Damiani, Lazer and Margett, JJ., concur. O'Connor, J., not voting.