(April 16, 1981)

■ JEFFERSON EBANKS et al., Respondents, v HARRY NIXON et al., Appellants, et al., Defendants. — In an action, *inter alia,* for specific performance of a contract for the sale of real property in the City of New Rochelle, the defendants Harry and Anne Nixon and Eve Bunting appeal from an order of the Supreme Court, Westchester County, entered August 18, 1980, which (1) directed Eve Bunting, plaintiffs' former attorney, to deliver to plaintiffs'

substituted attorney, Hector Willems, the affidavit of confession of judgment executed by the Nixons and (2) stayed summary (eviction) proceedings by the Nixons against the plaintiffs in the City Court of New Rochelle. Order modified, on the law and as a matter of discretion, by (1) deleting the first decretal paragraph and substituting therefor provisions dismissing the action against Eve Bunting on the ground of improper service,[1] and severing the action with respect to the remaining defendants and (2) adding to the second decretal paragraph the following: "on condition that plaintiffs make all payments due under the lease, which payments are to be applied in reduction of the first and second mortgages on the real property, according to their terms." As so modified, order affirmed, without costs or disbursements. Plaintiffs are directed to pay the attorney for appellants Nixon the sum of $4,728, with appropriate legal interest, within 15 days after service upon them of a copy of the order to be made hereon, with notice of entry. In the event the money is not paid, the stay of the eviction proceeding shall be vacated and said proceeding may resume or continue in the City Court of New Rochelle. On December 4, 1979 the Ebanks and Nixons entered into a contract of sale of real property owned by the Nixons. The agreed purchase price was $71,000. The Ebanks paid $30,000 as a down payment. Since they were unable to obtain financing for the balance of the purchase price, the Nixons agreed to give them immediate possession, pursuant to a four-year lease. By its terms, the Ebanks were to pay $788 per month as rent until title could pass. This sum represented the combined monthly amortization payments on the first and second mortgages. The plaintiffs were to make the monthly payments directly to the mortgagees. At the same time, the Nixons executed an affidavit of confession of judgment to the Ebanks for $30,000 to take effect if title did not pass, save for willful default of the Ebanks. The Ebanks made some payments pursuant to the terms of the lease, but then ceased to do so upon the advice of their attorney. On June 25, 1980 the parties unsuccessfully attempted to close title. Each side claimed that the other willfully defaulted on the contract of sale and breached its terms. After the Ebanks had defaulted on the payment of the $788 rent for three months,[2] the Nixons commenced a summary proceeding in the City Court of New Rochelle. Shortly thereafter, the Ebanks commenced an action for specific performance, and included Eve Bunting as a defendant. Service on Ms. Bunting was purportedly made pursuant to CPLR 308 (subd 2). The affidavit of service, however, states that the papers were mailed to her business address and not to her last known residence. Accordingly, service was defective (see *Pober v Boulevard Hosp.,* 72 AD2d 600). As noted above, the summary proceeding in the City Court was stayed. In an order dated November 17, 1980, this court, in effect, continued the stay contained in the order of Justice Burchell on condition that the Ebanks resume payment of the $788 from November 1, 1980 on. As to the prior six months, the two mortgagees have not been *paid a penny up to this very day.* In the meantime, however, the Ebanks have proffered the monthly payments as directed. The mortgagees have refused to accept the payments and have started mortgage foreclosure actions. The attorney for the Nixons, therefore, is holding in escrow all rental payments made pursuant to this court's directive. As to the stay originally granted by Special Term, we

1. Ms. Bunting has since surrendered the affidavit of confession of judgment, but continues to maintain her position that service was not properly effected upon her.
2. Presently, according to the record, six monthly payments have not been made, i.e., May, June, July, August, September and October, 1980.

direct that it be vacated unless, within 15 days after service upon plaintiffs of a copy of the order to be made hereon, with notice of entry, a payment of $4,728, with appropriate legal interest, is made to the attorney for the Nixons. If such payment is made, the stay of summary proceedings will be continued; if not, the stay should be vacated and the summary proceeding may be resumed and continued in the City Court of New Rochelle. Damiani, J. P., Lazer, Cohalan and Thompson, JJ., concur.