■ In the Matter of LOUIS J. VENOSA, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Judgment, Supreme Court, New York County (Tyler, J.), entered February 21, 1980, which granted petition in an article 78 proceeding to the extent of vacating petitioner's dismissal from the police department and remanding to the Police Commissioner for imposition of a different penalty, reversed on the law, without costs, and petition dismissed. We do not agree with Special Term that it was an abuse of discretion for the Police Commissioner to dismiss the petitioner under the circumstances presented. The hearing officer found, and the evidence confirms, that the petitioner, without required authorization, engaged in a separate occupation during the period of October 28, 1976 to December 15, 1976, and that he engaged in that occupation during that period while on sick report. In light of petitioner's history of absences on sick report that could reasonably be evaluated as excessive and disclosing an abuse of the department's unlimited sick leave policy, and petitioner's evasive, arguably contemptuous responses to pertinent inquiries concerning his conduct when interviewed, the determination to dismiss petitioner from the force seems to us a reasonable exercise of discretion. (See *Matter of Pell v Board of Educ.,* 34 NY2d 222.) Concur — Sandler, J.P., Ross, Carro and Silverman, JJ.

■ ELVERA SPARACINO, Respondent, v WILLIAM WINNER, Appellant. — Order, Supreme Court, New York County (Blangiardo, J.), entered August 28, 1980, which order denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5), Statute of Limitations, and CPLR 3211 (subd [a], par 8), no jurisdiction of the person, reversed on the law, and the motion to dismiss the complaint granted, without costs. This is a malpractice case, which the plaintiff attempted to commence in May, 1980 by service of a summons on the nurse employed by the defendant physician at his office. The court at Special Term sustained the service on the ground that it was accomplished by substitution. However, the copy that was mailed was sent to the doctor's office rather than to his home, which is insufficient. *(Rich v Lefkovits,* 81 AD2d 1049.) It may be that it could be considered personal service if the nurse was authorized to accept it (see *Conforti v Beekman Downtown Hosp.,* 79 AD2d 968) but we need not reach that question. Nonetheless, the complaint should be dismissed under CPLR 3211 (subd [a], par 5). The action was commenced in May of 1980. The physician's affidavit stated that he treated the plaintiff from October, 1976 until March, 1977, and that he has not seen her nor communicated with her since then. There is no contradiction of his statement, merely the contention that the question is raised prematurely. If the statute is to be avoided, there should be some factual demonstration in the answering papers. (See *Norton & Co. v Roslyn Targ Literary Agency,* 81 AD2d 798.) Concur — Kupferman, J.P., Sullivan, Markewich and Bloom, JJ.; Fein, J., concurs only on the ground of lack of jurisdiction.