■ MIRIAM D'AURIA et al., Respondents, v DANIEL P. RALEIGH, Appellant. — In an action to recover damages for personal injuries and injury to property sustained in a motor vehicle accident, defendant appeals from an order of the Supreme Court, Kings County (Pino, J.), entered December 7, 1981, which granted plaintiffs' motion to set aside the jury verdict in his favor and ordered that the action be restored to the Trial Calendar. Order reversed, without costs or disbursements, plaintiffs' motion is denied, the verdict is reinstated and the case is remitted to Trial Term for entry of a judgment in favor of defendant. Plaintiffs' version of how the automobile accident occurred was incongruent with defendant's version. The jury found defendant's story more believable. We find the evidence was sufficient to sustain the jury's verdict (see *Durante v Frishling,* 81 AD2d 631; *Winter v Rickman,* 26 AD2d 842). Consequently, the jury's verdict should not have been set aside. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.

■ FLOYD GOODWIN, Appellant, v STANLEY HOPPENFELD, Respondent. — In a medical malpractice action, plaintiff appeals from (1) an order of the Supreme Court, Kings County (Pino, J.), dated May 28, 1981 which, after a hearing, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint on the ground of lack of personal jurisdiction and (2) the judgment entered thereon on June 3, 1981. Appeal from the order, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. Defendant is awarded one bill of costs. Since the credible evidence established that the "mailing" of process to the defendant in purported compliance with CPLR 308 (subd 4) was not made, as required, to his "last known residence", the complaint was properly dismissed (see *Pober v Boulevard Hosp.,* 72 AD2d 600; see, also, *Sparacino v Winner,* 82 AD2d 753). Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.

■ NEIL GRUBER et al., Appellants, v GREAT BEAR AUTOMOTIVE CENTERS, INC., Respondent. (And a Third-Party Action.) — In an action, *inter alia,* to rescind a franchise agreement, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (De Luca, J.), dated November 12, 1981, as denied their motion to vacate defendant's notice for discovery and inspection. Order reversed insofar as appealed from, with $50 costs and disbursements motion granted and defendant's notice for discovery and inspection is vacated. Defendant failed to comply with the provisions of section 3.4 of the Rules of the Chief Administrator of the Courts (22 NYCRR 3.4) and section 675.7 of the Rules of this Judicial Department (22 NYCRR 675.7) for pretrial discovery following placement of actions on the Trial Calendar. Moreover, Special Term found that defendant did not offer a good reason for its delay in seeking pretrial discovery more than five months after the expiration of a court-ordered period extending the time for discovery beyond placement of this action on the Trial Calendar. Upon such a finding and upon defendant's noncompliance with the afore-mentioned rules, Special Term should have granted the motion and vacated the notice for discovery and inspection. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.