■ JANET F. LAURENCE, Appellant, v HILLCREST GENERAL HOSPITAL-GHI GROUP HEALTH INCORPORATED, Defendant, and LEON FALIK, Respondent.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated January 10, 1984, which, granted the defendant Falik's motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Order affirmed, with costs.

The defendant Leon Falik sought to dismiss the complaint insofar as it is asserted against him on the ground that the Statute of Limitations had expired and/or the court lacked personal jurisdiction over him. After a traverse hearing, the court determined that the defendant Falik had not been properly served with process and the complaint was dismissed insofar as it is asserted against him.

On this appeal, the plaintiff claims, *inter alia,* that the hearing court erred in crediting the testimony of Falik and his secretary and disbelieving the plaintiff's process server. However, "[i]t is by now well established that matters of credibility

are properly determined by the hearing court, whose decision should not be disturbed if supportable by a fair interpretation of the evidence" *(Feeney v Booth Mem. Med. Center,* 109 AD2d 865, 866). Moreover, assuming the truth of the process server's testimony, the plaintiff failed to establish that process was properly served on November 1, 1979, upon Falik, either pursuant to CPLR 308 (2), the section relied upon by the plaintiff at Special Term *(see, Booth v Lipton,* 87 AD2d 856; *Espy v Giorlando,* 85 AD2d 652, *affd* 56 NY2d 640), or CPLR 308 (1), the section relied upon by the plaintiff on appeal *(see, Espy v Giorlando, supra).* Further, we need not reach the issue of the validity of the alleged service of a summons and amended complaint on January 29, 1980, since such service was attempted after the Statute of Limitations had expired *(see,* CPLR 214-a). The plaintiff did not challenge the statements in Falik's affidavit that he had treated the plaintiff in May and June of 1977, and that he had not rendered any further treatment or spoken to the plaintiff after June 1977 *(see, Sparacino v Winner,* 82 AD2d 753).

Finally, under the circumstances herein, the fact that Falik had notice of the instant lawsuit, with an opportunity to defend himself, is insufficient to deny his motion seeking dismissal of the complaint insofar as it is asserted against him *(see, Feinstein v Bergner,* 48 NY2d 234; *Claerbaut v East Long Is. Hosp.,* 117 AD2d 772). Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.