■ NEW YORK CITY HOUSING AUTHORITY et al., Respondents-Appellants, v CITY OF NEW YORK COMMISSION ON HUMAN RIGHTS et al., Appellants-Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about June 10, 1987, unanimously modified, on the law, facts and in the exercise of discretion, to vacate the directive that the matter be remanded for further discovery, and otherwise affirmed, without costs.

This special proceeding challenges a determination and order by respondent City Commission on Human Rights (the Commission) which found petitioners guilty of charges of sexual harassment, and awarded Ruby Benjamin, the complainant in the administrative proceeding, $25,000 in compensatory damages, a promotion to provisional housing assistant, and other relief.

Ms. Benjamin's complaint was originally filed on June 25, 1979. On January 8, 1981, an investigation resulted in a finding of no probable cause for prosecution of the complaint. The complainant successfully appealed this adverse determination to the Chairman of the Commission. After subsequent conciliation failed, a full adversarial hearing was held before an Administrative Law Judge in June 1985.

Upon review of the record, we conclude that the evidence clearly and convincingly established that petitioner Harold Taubman, Ms. Benjamin's supervisor, had engaged in acts of sexual harassment against her, and that petitioner Housing Authority, despite being advised of Taubman's misconduct, failed to take any remedial action. Two fellow employees, Ruth Taylor and Mabel Batten, testified that they observed Mr. Taubman touch or rub against the complainant's buttocks on numerous occasions, and, indeed, that Taubman had subjected them to the same uninvited touching and lewd comments. The evidence further included the testimony of two union representatives who confirmed that the complainant had reported this behavior to them. Even two of petitioners' own witnesses, Emanuel Hildes and Ralph Williams, testified that complainant reported that Taubman had made sexual comments to her and had touched her breasts and buttocks. Taubman's denials and his claim that these allegations were the result of some sort of conspiracy by black employees against a white supervisor were not given credence by the Commission.

The petitioners argue that they were denied due process by the Commission's refusal to provide them, prior to the hearing, with copies of the investigative notes and reports made by the Commission during the investigatory phase of these proceedings. While these materials were requested by petitioners from the Commission's attorney, petitioners made no formal motion for discovery of these documents, as they would have been entitled to do before the Administrative Law Judge. *(See,* Rules of Practice of New York City Commission on Human Rights, rule 32 [b] [4].) Thus, this claim is unpreserved and, further, petitioner has not established good cause for its failure to move pursuant to the rules or to seek the discovery materials in an appropriate and timely fashion. *(Gruber v Great Bear Automotive Centers,* 88 AD2d 925 [2d Dept 1982].)

Moreover, petitioner neither requested the subject materials nor asked for a continuance to obtain discovery when respondent's attorney used some of these documents to refresh a witness's recollection. It is noteworthy that petitioner in fact viewed the subject material at that time.

For the above-stated reasons, and particularly in view of the long delay in bringing this matter to a final resolution, we conclude that there is little to be gained in reopening the matter. The alleged improprieties did not ultimately affect the fairness of the hearing and do not cast doubt upon the validity of the Commission's final order and determination. In light of this determination, we decline to reach petitioner's remaining contentions on appeal.

Accordingly, the order of the IAS court is modified to the extent of vacating the directive that the matter be remanded to the Commission for discovery, and otherwise affirmed. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.