■ ELAINE MOUNTLEIGH, Petitioner, v CITY OF NEW YORK et al., Respondents. [595 NYS2d 26] —Determination of the State Human Rights Appeal Board, which affirmed a determination of the State Division of Human Rights, dated March 18, 1991, rejecting petitioner's claims that respondents' failure to grant her employment promotion was based on sex and/or age discrimination, and that she was constructively discharged, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Phyllis Gangel-Jacob, J.], entered November 19, 1991) is dismissed, without costs or disbursements.

Petitioner's failure to object to the substitution of Hearing Officers necessitated by the original Hearing Officer's retirement and to allege "extraordinary circumstances" excusing such omission, precludes review by this Court of petitioner's current claim that such substitution violated due process rights (Executive Law § 298; *see also, New York City Hous. Auth. v City of N. Y. Commn. on Human Rights,* 150 AD2d 243, 244, *lv denied* 75 NY2d 703). In any event, such substitution is authorized by statute (State Administrative Procedure Act § 303), and petitioner has failed to show substantial prejudice that would render the substitution herein fundamentally unfair *(ibid).*

Petitioner's specific claims of discriminatory employment practices are time-barred by the one-year statutory time limit

within which such claims must be brought (Executive Law § 297 [5]). In any event, respondents' findings that petitioner was not denied employment promotion due to age and/or sex discrimination are fully supported by substantial evidence on the record considered as a whole (see, State Div. of Human Rights v Syracuse City Teachers Assn., 66 AD2d 56, 59). Also duly supported by the record are respondents' findings that petitioner's voluntary resignation obviated any claim of legal entitlement to either a former position or a promotional position (see, Matter of McGill v D'Ambrose, 58 AD2d 604). In this regard, petitioner's claim of constructive discharge is unsupported by any hearing testimony, which clearly did not compel a finding of deliberate actions on the part of petitioner's employer to make her working conditions so intolerable that a reasonable person in her position would feel compelled to resign (see, Pena v Brattleboro Retreat, 702 F2d 322, 325). Concur—Sullivan, J. P., Carro, Wallach and Kupferman, JJ.