■ In the Matter of BRUCE E. PALETTE, Petitioner, v CITY OF NEW YORK et al., Respondents. [617 NYS2d 177] —Determination of respondent Police Commissioner, dated April 17, 1992, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Peter Tom, J.], entered November 10, 1992), unanimously dismissed, without costs.

We see no reason to disturb the credibility findings of the Hearing Officer rejecting petitioner's assertion that the positive finding on his random drug test resulted from his inadvertent ingestion of beer tainted with cocaine *(see, Matter of Shaw v Sielaff,* 191 AD2d 284; *Matter of Harmon v New York City Police Dept.,* 188 AD2d 429, *lv denied* 82 NY2d 652). Petitioner's claim that respondents intimidated the person who tainted his beer from appearing at the hearing as a witness with threats of prosecution for cocaine related offenses if he testified, thereby depriving petitioner of due process, is not preserved for review, no such due process claim ever having been raised at the hearing *(see, Matter of Sowa v Looney,* 23 NY2d 329, 333; *Mountleigh v City of New York,* 191 AD2d 291), and is in any event without factual support in the record.

The penalty of dismissal is not shocking to one's sense of fairness *(see, Matter of Harmon v New York City Police Dept., supra).* Concur—Sullivan, J. P., Carro, Rosenberger and Williams, JJ.