■ In the Matter of RICARDO TORRES, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [733 NYS2d 142] —Determination of respondent Police Commissioner, dated January 25, 2000, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered on or about October 3, 2000), dismissed, without costs.

Respondent's determination that petitioner possessed and ingested cocaine is supported by substantial evidence, including the testimony of the arresting officer that a bag containing crack residue was found under the driver's seat of the car petitioner was driving, and the testimony of the toxicologist that petitioner tested positive for cocaine. No basis exists to disturb the hearing officer's finding of credibility that the voucher slip prepared by the arresting officer describing the bag as empty was a mistake (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). In any event, the undisputed presence of two bags of cocaine found on the passenger's seat, possession of which was charged to the passenger in petitioner's car, provided respondent with reasonable suspicion to order the drug test (*see*, Penal Law § 220.25 [1]; *cf., Matter of Mack v City of New York*, 240 AD2d 164). The penalty of dismissal does not shock our sense of fairness (*see, Matter of Adams v*

*Police Dept.*, 256 AD2d 28, *lv denied* 93 NY2d 818; *Matter of Palette v City of New York*, 208 AD2d 427, *lv denied* 85 NY2d 803). Concur—Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.