■ EMPIRE NATIONAL BANK, Respondent, v JUDAL CONSTRUCTION OF NEW YORK, INC., et al., Defendants, and DAVID J. FLITT et al., Appellants.—In an action on a promissory note, defendants David and Grace Flitt, alleged guarantors, appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County, entered October 27, 1976, as, upon reargument, adhered to its prior determination which denied their motion to dismiss the complaint for lack of personal jurisdiction. Order modified by adding thereto, after the words: "adheres to its original determination", the following: "as to defendant Grace Flitt and a hearing is ordered to be held on the issue whether proper service was made upon defendant David J. Flitt in accordance with the requirements of CPLR 308 (subd. 2)." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Neither appellant (a husband and wife, residing at the same address in Teaneck, New Jersey) denies that the summons and complaint were duly delivered to a person of suitable age and discretion at their residence. However, appellant David J. Flitt averred in his moving affidavit on the original motion that "[m]y wife and I have *never* received a copy of the summons and complaint in the mail" (emphasis in original). Although the answering affidavits in both the original motion and the motion for reargument in effect challenged appellant Grace Flitt to also aver that she had not received the summons in the mail, such averment was not forthcoming. As a result, the statement in the process server's affidavit of service that he had mailed the summons and complaint to Grace Flitt has not been effectively contradicted and Special Term properly denied the motion to dismiss as to her. However, the sworn denial by appellant David J. Flitt of his receipt by mail of the summons and complaint requires a hearing to determine whether those papers had in fact been mailed to him. The affidavit of service, asserting mailing, is not conclusive once there has been

a sworn denial of receipt. Plaintiff is then required to establish facts showing that the letter was indeed mailed and that it was properly addressed and stamped, and the asserter of these facts must be made available for cross-examination (*Cashman, Inc. v Spellman,* 233 App Div 45; *Uni-Serv Corp. v Frede,* 50 Misc 2d 823; cf. McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1977–1978 Pocket Part, CPLR 306:1). Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.