(September 25, 1981)

■ MARCIA R. LEFEVRE et al., Respondents, v HARRY M. COLE, Appellant. — Order unanimously reversed, without costs, and matter remitted to Special Term for further proceedings, in accordance with the following memorandum: In this CPLR 3211 (subd [a], par 8) motion to dismiss the action for lack of jurisdiction, defendant's sworn denial of receipt of a copy of the summons personally or by mail contradicts the affidavit of service of process which on its face meets each requirement of CPLR 308 (subd 2). Accordingly, a trial of this issue is appropriate to determine whether the summons in the action had in fact been mailed to defendant (CPLR 3211, subd [c]; *Empire Nat. Bank v Judal Constr. of N.Y.,* 61 AD2d 789, 790; see, also, *Howard v Spitalnik,* 68 AD2d 803; Siegel; Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3211:47, pp 50-51). Our holding in *Lincoln First Bank-Cent. Nat. Assn. v Bombard Chevrolet* (55 AD2d 1048) does not require a different result. There defendants' allegations that they did not "remember" being personally served were held to be insufficient to rebut the documentary proof that proper personal service was effected upon them. Here defendant, although he concedes that the summons was delivered to a person of suitable age at his dwelling place, denies receipt of a copy of the process by mail. It is for the trier of the fact to resolve the issue raised on this motion and to determine whether defendant's testimony controverts proof of mailing. (Appeal from order of Monroe Supreme Court, Erwin, J. — dismiss action.) Present — Dillon, P.J., Simons, Doerr, Moule and Schnepp, JJ.

■ In the Matter of MARK MOOCHLER et al., as Parents and Natural Guardians of KELLY MOOCHLER, an Infant, Appellants, v WYOMING COUNTY HOSPITAL, Respondent. — Order unanimously reversed, with costs, and motion granted. Memorandum: Claimant, an infant, suffers from severe brain damage. Her parents commenced this action on her behalf, alleging that her condition is the result of negligent medical treatment rendered by defendant, a municipal corporation, on December 23, 1978. On January 29, 1980 claimant applied pursuant to subdivision 5 of section 50-e of the General Municipal Law for relief to serve a late notice of claim on defendant; the motion was denied. Under the particular facts and circumstances presented in this case, an extension should have been granted and the infant claimant permitted to file a notice of claim (see *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, affd 51 NY2d 957). (Appeal from order of Genesee Supreme Court, Fritsch, J. — late notice of claim.) Present — Dillon, P.J., Simons, Doerr, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD P. SANTORRI, Appellant. — Appeal unanimously dismissed as academic and matter remitted to Erie County Court to vacate the conviction and dismiss the indictment, *sua sponte,* or on application by the District Attorney or the attorney who appeared for defendant (see *People v Mintz,* 20 NY2d 770; *People v Massaro,* 78 AD2d 775). (Appeal from judgment of Erie County Court, La Mendola, J. — sexual abuse, first degree.) Present — Simons, J.P., Hancock, Jr., Callahan, Doerr and Denman, JJ.