■ RUTH B. WATT et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and CITY OF NEW YORK, Appellant. — In a negligence action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated May 14, 1980, as, upon reargument of an order dated November 16, 1979, granting plaintiffs' motion to compel the city to accept and answer the complaint, adhered to its original determination and denied the city's application to sever it from the action and dismiss the complaint against it. Order dated May 14, 1980 reversed insofar as appealed from, on the law, with costs. Order dated November 16, 1979 vacated, and application to sever the action as to the defendant city and to dismiss the complaint against it granted. Plaintiff Ruth B. Watt alleged that she was injured when she fell on a defective sidewalk grating on June 1, 1974. Plaintiffs served a notice of claim upon the city on August 28, 1974 and upon the New York City Transit Authority on August 30, 1974. On July 17, 1975, plaintiffs served a summons, without a complaint, upon the city. On July 18, 1975, the city served a notice of appearance and demand for the complaint upon plaintiffs. On July 29, 1975, plaintiffs served a summons, again without a complaint, upon the transit authority. On July 31, 1975, the transit authority demanded a complaint from plaintiffs. Plaintiffs assert that a complaint was served by mail upon the city on August 28, 1975. In support of this claim, an affidavit of service signed by an employee of the attorney for the plaintiffs stated that she had mailed the complaint to the attorneys for both defendants, the city and the transit authority, on August 28, 1975. In a subsequent affidavit dated February 19, 1980, however, this same individual acknowledged that, contrary to her original affidavit of service, she had not mailed the complaint to the transit authority. Nevertheless, she maintained that she did personally mail the complaint to the New York City Corporation Counsel. On December 21, 1978, plaintiffs' attorney sent a letter to the city requesting the forwarding of an answer to the complaint. In response to this letter, the city acknowledged the service of only a summons, and informed plaintiffs' counsel that a review of its records failed to disclose the receipt or existence of any complaint in the action. On June 7, 1979, plaintiffs' attorney sent the city a copy of the original complaint, along with a copy of the original affidavit of service, and again requested an answer. Shortly thereafter, the city sent a letter to plaintiffs in response to the above communication, reiterating that its records failed to disclose the existence of any prior complaint and rejecting as untimely the copy of the complaint mailed by plaintiffs on June 7, 1979. By notice of motion returnable August 15, 1979, plaintiffs moved for an order compelling the city to accept and answer the complaint. In an order dated November 16, 1979, Justice Shaw at Special Term granted this motion. The city made a motion for renewal and reargument returnable April 15, 1980, which included an application for an order severing it from the action and dismissing the complaint as to it. In the order appealed from, dated May 14,

1980, Special Term granted the city's motion for reargument and thereupon adhered to the original determination. We conclude, based upon the specific facts and circumstances present in the instant case, that Special Term's determination to require the city to accept and answer the complaint was erroneous and that the complaint must be dismissed as against the city. The major issue involved in the instant appeal is whether plaintiffs properly mailed the original complaint to the city. Service by mail is deemed to be complete, pursuant to CPLR 2103 (subd [b], par 2), upon the deposit of a properly stamped and addressed letter in a depository under the exclusive care and custody of the United States Post Office. Moreover, this service is complete regardless of delivery to or receipt by the other party (*Grinan v Santaella,* 89 AD2d 866; *A & B Serv. Sta. v State of New York,* 50 AD2d 973, 974, mot for lv to app den 39 NY2d 709). On the record before us, however, there is insufficient evidence to establish that plaintiffs mailed the original complaint to the city in August, 1975 (*Grinan v Santaella, supra*). A duly executed and notarized affidavit of service by mail is usually sufficient to create a presumption that a document was mailed and delivered (see *De Forte v Doctors Hosp.,* 66 AD2d 792). In the instant case, however, the original affidavit of service was later discredited in an affidavit by the individual who had prepared it and who had been responsible for mailing the complaint. Thus, plaintiffs negated rather than established the existence of a regular office practice which would naturally have resulted in the mailing of the complaint (see *Gardam & Son v Batterson,* 198 NY 175, 178-179; *Coonradt v Averill Park Cent. School Dist.,* 73 AD2d 747; *Capra v Lumbermens Mut. Cas. Co.,* 43 AD2d 986; cf. *Nassau Ins. Co. v Murray,* 46 NY2d 828). Even if the original affidavit of service was deemed sufficient to establish a presumption of the mailing and delivery of the complaint, that presumption was rebutted by the later admission of the individual who prepared the affidavit which discredited the assertions contained in it, thus showing that routine office practice was not followed or was so careless that it would be unreasonable to assume that the complaint was mailed (see *Nassau Ins. Co. v Murray, supra,* p 830). A hearing on the issue of whether the complaint was mailed would be of no value in the instant case, as the only witness with personal knowledge of the mailing of the complaint, is the same individual who later contradicted the original affidavit of service by mail which she prepared (see *Grinan v Santaella, supra;* cf. *De Forte v Doctors Hosp., supra; Capra v Lumbermens Mut. Cas. Co., supra*). Moreover, plaintiffs' inordinate delay of more than three years after the complaint was allegedly mailed to the city, in contacting the city to request the answer, and in forwarding a copy of the original complaint, signifies neglect in prosecuting the action. Plaintiffs' only justification for this delay, the misplacing of the file, falls into the disfavored category of "law office failure" and does not provide an adequate basis for the exercise of our discretion relieving them of their default (cf. L 1983, ch 318). Plaintiffs' failure "to take proceedings for the entry of judgment within one year after the [alleged] default" serves as a distinct ground for dismissing the action against the city (CPLR 3215, subd [c]; *Baldwin v St. Clare's Hosp.,* 63 AD2d 761; *Bubin v County of Nassau,* 31 AD2d 763; *Herzbrun v Levine,* 23 AD2d 744). Damiani, J. P., Thompson and Boyers, JJ., concur.

Gibbons, J., concurs in the result, with the following memorandum: While I concur in the result, I cannot agree that an "affidavit of service by mail is usually sufficient to create a presumption that a document was mailed", or that, in this case, the need for a hearing as to whether the complaint was mailed is obviated because of inconsistent affidavits from the person who allegedly mailed the complaint. It is true that this court has held that a denial of receipt of a letter "is insufficient to rebut the inference of proper mailing

which may be drawn from * * * [the sender's] affidavit of service" (*De Forte v Doctors Hosp.*, 66 AD2d 792). However, that decision should be overruled, as argued in my dissent in the case of *Engel v Lichterman* (95 AD2d 536). *De Forte* is based on a misapprehension of the rule set down in *Trusts & Guar. Co. v Barnhardt* (270 NY 350), and is contrary to numerous cases which require a hearing or trial to resolve a question concerning a disputed mailing (see, e.g., *Capra v Lumbermens Mut. Cas. Co.*, 31 NY2d 760; *LeFevre v Cole*, 83 AD2d 992; *Empire Nat. Bank v Judal Const.*, 61 AD2d 789; *Caprino v Nationwide Mut. Ins. Co.*, 34 AD2d 522; *Noftell v Gair Realty Corp.*, 32 AD2d 839; *De Feo v Merchant,* 115 Misc 2d 286; *Teichberg v Blair & Co.*, 63 Misc 2d 1073; cf. *Nassau Ins. Co. v Murray,* 46 NY2d 828, 830; *Anzalone v State Farm Mut. Ins. Co.*, 92 AD2d 238). To the views expressed in the dissent in *Engel v Lichterman* (*supra*), I would like only to add that the fact that the document purportedly mailed in this case was the complaint underscores the need, generally, to have a hearing when the mailing is disputed. It can hardly be questioned that if a summons and complaint are served together, either by delivery and mailing or by substituted service (CPLR 308, subds 2, 4), and where the defendant maintains in a sworn affidavit that he never received the summons and complaint in the mail, then a hearing is required to determine whether those papers were, in fact, mailed notwithstanding the existence of an affidavit of service (*LeFevre v Cole,* 83 AD2d 992, *supra; Empire Nat. Bank v Judal Const.*, 61 AD2d 789, *supra*). There is no reason to hold differently in the instance where the complaint is sent by mail after the summons is served. The need to prevent "sewer service" and unwarranted default judgments is the same in both situations. The affidavit of service by mail of the complaint in this case is dated August 28, 1975. In it, the affiant states that she mailed the complaint to representatives for both the transit authority and the City of New York on that date. However, in response to the motion for reargument brought by the city, the affiant, a former secretary of the attorney for plaintiffs, candidly admitted that the affidavit of service was inaccurate "as although both envelopes were prepared it was some period later when I discovered that the envelope intended for [the representative of the transit authority] had erroneously not been mailed. The envelope addressed to [the representative of the city], containing the complaint in the instant matter was in fact personally mailed by deponent on August 28, 1975". The majority maintains that the fact that it is now admitted that a complaint to the transit authority was not mailed means that, as a matter of law, it must be concluded that the complaint was not mailed to the city. Whether or not the complaint was mailed to the city is a factual question. That one piece of mail was mishandled does not necessarily mean that another was as well. While the mishandling of the complaint to the transit authority would certainly be a factor to be weighed in a factual determination, such should not preclude plaintiffs from having an opportunity of proving that the complaint was mailed to the city (cf. *Caprino v Nationwide Mut. Ins. Co.*, 34 AD2d 522, *supra*). The admitted defect in the original affidavit of service by mail is a mere irregularity, if, in fact, the complaint was properly mailed. The latter issue is the crucial one, which would normally require a hearing (see *Mariano v Steinberg*, 87 AD2d 606; *Mrwik v Mrwik,* 49 AD2d 750). Nevertheless, I agree with my colleagues that in this case a hearing is not required. Even assuming the complaint was mailed, plaintiffs' action against the city should be dismissed as abandoned. Plaintiffs were required "to take proceedings for the entry of judgment within one year" after the city allegedly defaulted in answering the complaint or face dismissal of the action absent "sufficient cause" to excuse the delay (CPLR 3215, subd [c]; *Baldwin v St. Clare's Hosp.*, 63 AD2d 761; *Shepard v St. Agnes Hosp.*, 86 AD2d 628). The excuse for not seeking a default judgment, despite the passing of

several years, was that plaintiffs' attorney had misplaced the legal file. Such constitutes law office failure which, under the circumstances presented here, is not a sufficient reason to avoid dismissal (cf. L 1983, ch 318).