■ BROOKLYN UNION GAS COMPANY, Respondent, v BRUNO ARRAO, Appellant. — In an action to recover money allegedly owing to plaintiff for gas supplied to defendant, defendant appeals from an order of the Supreme Court, Kings County (Feldman, J.), dated February 17, 1983, which denied, after a traverse hearing, his motion to vacate a default judgment on the ground of improper service of process. ¶ Order affirmed, with costs. ¶ In March, 1982, plaintiff Brooklyn Union Gas Company obtained a default judgment against defendant in the sum of $13,042.39, comprising $11,926.17 for gas allegedly supplied to him, along with interest and costs. In November, 1982, some five months after personal service of a subpoena to take his deposition, defendant moved to vacate his default on the ground of improper service of process. At a traverse hearing, the process server testified that on January 11, 1982 he served the summons and complaint by leaving it at 3169 Avenue V, Brooklyn, with a woman who identified herself as defendant's mother and who stated defendant lived there, and by subsequently mailing a copy to the same address. He further testified that the mailed copy was never sent back to the return address. Although defendant admitted that his mother, son and daughter lived at 3169 Avenue V, that he visited them often and that he himself had lived there "up to four years ago", he denied presently residing there and stated, to the contrary, that he lived at 91 Court Street. Believing the process server's testimony and disbelieving that of defendant, Special Term denied the motion to vacate. We affirm. ¶ In order to effectuate service pursuant to CPLR 308 (subd 2) ("leave and mail"), the summons must be delivered to a "person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and mailed to the "person to be served at his last known residence". As the Court of Appeals has stated, the specific mandates of the statute must be strictly observed and notice of the lawsuit by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court (see *Feinstein v Bergner,* 48 NY2d 234, 241; *McDonald v Ames Supply Co.,* 22 NY2d 111, 115). ¶ Turning to the matter under review, we note that at no time during the traverse hearing did defendant dispute the process server's statement that he "left the service with Mrs. Arrao" nor his hearsay statement that this woman said she was defendant's mother. In fact, counsel seemed to concede these points. Nor did defendant object to the process server's hearsay statements that Mrs. Arrao

said defendant lived at 3169 Avenue V and was not at home. Since hearsay admitted without objection may be considered in a civil action (see *Ford v Snook,* 205 App Div 194, affd 240 NY 624; Fisch, NY Evidence [2d ed], § 756), plaintiff, who bore the ultimate burden of proving jurisdiction (see *Saratoga Harness Racing Assn. v Moss,* 26 AD2d 486, affd 20 NY2d 733; *Jacobs v Zurich Ins. Co.,* 53 AD2d 524), met its initial burden of going forward on the issue of defendant's "actual place of business, dwelling place or usual place of abode" and proper service under CPLR 308 (subd 2). In rebuttal, defendant offered nothing but the naked assertion that he resided elsewhere. We find that the court could well have rejected this undocumented statement, especially in light of defendant's other less than credible testimony that he did not live at 3169 Avenue V although his son, daughter and mother did, that his mother didn't even tell him about the summons and complaint mailed there, although it was never returned to the sender, and finally that he first learned of the lawsuit when he was about to be punished for contempt, although a second process server testified at the traverse hearing that defendant was indeed the person on whom he had personally served, at least a month and a half earlier, the subpoena to take his deposition. Issues of credibility are primarily for the hearing court and we perceive no basis to disturb its determination (see *Sorokin v Food Fair Stores,* 51 AD2d 592; *Barnet v Cannizzaro,* 3 AD2d 745; see, also, *People v Vail,* 90 AD2d 917). ¶ Under these circumstances, we conclude that plaintiff met its burden of establishing proper service by leaving process with a "person of suitable age and discretion at [defendant's] actual place of business, dwelling place or usual place of abode" and mailing it to him "at his last known residence" (CPLR 308, subd 2). Since service was proper pursuant to statute, Special Term was correct to deny defendant's motion to vacate the default judgment. Mangano, J. P., Thompson, O'Connor and Lawrence, JJ., concur.