■ FRANK J. ANTON, Respondent, v JOSEPH AMATO, Appellant. — In an action to recover a debt secured by a bond and mortgage on certain real property, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), entered October 13, 1982, as

denied his motion to vacate a default judgment and to dismiss the complaint for lack of personal jurisdiction and held that service of process was properly made upon him. ¶ Order reversed, insofar as appealed from, and matter remitted to Special Term for a new traverse hearing, with costs to abide the event. ¶ Defendant Amato moved to vacate a default judgment on the ground that he had not been personally served with a summons in the action. Annexed to defendant's motion papers were copies of a summons and verified complaint and an affidavit of service alleging that he had been personally served on November 14, 1975, at 1:15 P.M., at 130-02 150th Street, South Ozone Park, Queens, New York; the affidavit described the person served as a white male with black hair, approximately 35 years old, 5 feet, 10 inches tall, and weighing 175 pounds. However, defendant alleged in his affidavit that he had "no recollection of ever receiving a summons in this action and * * * it had not been served upon [him] personally". While admitting that he had lived at the South Ozone Park address at the time of the execution of the contract giving rise to the obligation upon which this action was based, he alleged that he had moved to New Jersey in 1976) which is not inconsistent with the affidavit of service), and that he had lived in Staten Island and New Jersey at the time that the events alleged in the moving papers had taken place. Defendant failed to allege with any greater specificity the dates on which he had moved. ¶ Despite its characterization of defendant's claim of defective service as "questionable at best", Special Term (Dunkin, J.), directed that a traverse hearing be held on the motion. At the hearing, plaintiff's attorney indicated, *inter alia,* that the process server could not be in court that day. Counsel therefore rested on the affidavit of service. Defendant testified, in apparent contradiction to his affidavit, that he had moved from Queens to New Jersey in or about September, 1975, although he had continued to conduct business out of the Queens location through the summer of 1976. Defendant denied having been served with a summons and complaint in November, 1975. He testified that at the time of the alleged service, he was about 45 years old, with black and grey hair, weighed 150 pounds, and was about five feet, six inches in height. On cross-examination, defendant testified that he had been unaware of the default judgment entered against him until 1981, when he was served with a summons in New Jersey commencing an action in that State to enforce the New York judgment. However, it was established that a notice of default had been sent to defendant at the Queens address, and that defendant had signed the return receipt on December 12, 1975. ¶ In denying defendant's motion, Special Term (Lonschein, J.), concluded that the affidavit of the process server had established a prima facie case of proper service, and that defendant's testimony had been incredible and unworthy of belief. Although Special Term's resolution of the issue of credibility is entitled to great weight, we must nevertheless reverse and grant a new traverse hearing. Where a process server dies prior to such a hearing, his affidavit of service, if not conclusory and devoid of sufficient detail, shall be received as prima facie evidence of service (*Smid v Lombard,* 83 AD2d 877). However, where the process server is living and available to testify, defendant's sworn denial of service renders the affidavit of service nonconclusive and shifts the burden of proof to plaintiff to substantiate the allegation of personal service therein (*De Zego v Donald F. Bruhn, P. C.,* 99 AD2d 823; *Old Colony Furniture Co. v Fiegoli,* 97 AD2d 790; *Empire Nat. Bank v Judal Constr.,* 61 AD2d 789). Under such circumstances, the affiant must be made available for cross-examination by the party denying receipt (*Empire Nat. Bank v Judal Constr., supra*). ¶ Because the process server was available to testify in this case, Special Term erred when it admitted the affidavit as prima facie evidence of service in the face of defendant's sworn denial of receipt. That denial shifted the burden of proof to

plaintiff, who should then have been required to call the process server to testify. The failure to have done so deprived defendant of the opportunity to cross-examine the process server regarding the allegations contained in the affidavit of service. Therefore, a new traverse hearing must be conducted. ¶ Defendant's remaining contention is not properly before us on this appeal. Bracken, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.