■ MARY FEENEY et al., Appellants, v BOOTH MEMORIAL MEDICAL CENTER et al., Defendants, and JEROME S. SEILER, P. C., Respondent. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Queens County (Kunzeman, J.), dated November 30, 1983, which, after a traverse hearing, granted defendant Seiler's motion for summary judgment based on lack of personal jurisdiction, severed the action as to him, and directed that judgment be entered dismissing the complaint as to him, and denied that branch of plaintiffs' cross motion as sought to strike the affirmative defense of lack of personal jurisdiction interposed by defendant Seiler.

Order affirmed, with costs.

The issue on traverse was whether defendant Seiler was personally served with a summons and complaint at his office on

February 13, 1980. The process server testified that he personally served the individual who identified himself as Dr. Jerome Seiler. The doctor testified that he was never personally served, but rather, found the summons lying on the floor of his office, near the reception area. Testimony was also elicited from both of Dr. Seiler's secretaries that they had no recollection of a process server coming to the office on the day in question. As such, the conflicting testimony presented an issue of credibility which the hearing court determined in favor of Dr. Seiler by holding that he had not been properly served with process. It is by now well established that matters of credibility are properly determined by the hearing court, whose decision should not be disturbed if supportable by a fair interpretation of the evidence (*see, Altman v Wallach,* 104 AD2d 391; *Brooklyn Union Gas Co. v Arrao,* 100 AD2d 949). We hold that Special Term's findings were supported by the record, and there was no error in giving Dr. Seiler's testimony more credence than the version to which the process server testified. This is especially true in view of the fact that both parties agree on appeal that a portion of the process server's sworn testimony was inaccurate. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.