■ EVELYN POWELL, Respondent, v RALSTON POWELL, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 8, 1983, which, after a traverse hearing, denied his motion to vacate the judgment of divorce on the ground he was not served with process.

Order reversed, without costs or disbursements, and matter remitted to Special Term for a new traverse hearing and determination.

Upon completion of testimony at a traverse hearing, the court found in the plaintiff wife's favor, ruling that in view of "the testimony of all of the witnesses and considering that the defendant Ralston Powell has the burden of establishing by a

preponderance of the credible evidence that in fact service * * * was not made, the Court must dismiss the proceeding on the grounds that the defendant * * * has not carried the burden of proof and, in fact, has not established to the Court's satisfaction that in fact he was not the person served * * * [as] asserted * * * in the affidavit of service". This was error. It is well established that it is the plaintiff who bears the ultimate burden of proving by preponderating evidence that jurisdiction over the defendant was obtained (see, Saratoga Harness Racing Assn. v Moss, 26 AD2d 486, affd 20 NY2d 733; Brooklyn Union Gas Co. v Arrao, 100 AD2d 949; Jacobs v Zurich Ins. Co., 53 AD2d 524). Under the circumstances of this case, since the court failed to apply the proper standard in weighing the evidence, a new traverse hearing is ordered. Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.