■ LEXINGTON INSURANCE COMPANY, as Subrogee of J. M. L. TRADING CORP., Respondent, v SCHUYLER BUMPERS, INC., Appellant.—In an action to recover for property damage allegedly sustained by the plaintiff's subrogor, the defendant appeals from an order of the Supreme Court, Richmond County (Sullivan, J.), dated October 15, 1985, which, upon a finding after a hearing that service of process was properly made upon it, denied its motion to dismiss the complaint.

Ordered, that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a new hearing and determination.

The defendant moved to dismiss the complaint, *inter alia,* upon the ground that the defendant had never been served with a copy of the summons and complaint. Among the defendant's moving papers were affidavits by Fred B. Schuyler, a vice-president of the defendant, and Dorothy Fuchs, stating that Dorothy Fuchs, the employee of the defendant upon whom service was made, was not a person authorized by appointment or by law to accept service of process intended for the defendant. The plaintiff's papers in opposition included an affidavit of service by Muriel Russell, the process server, stating that Dorothy Fuchs was a managing agent of the defendant.

At the hearing, Russell testified that before she served the papers, Fuchs told her she was the manager and that she could accept service. Fuchs testified that at the time of the service of process, she was merely a part-time secretary, and had informed Russell that she should not serve the papers upon her because she was not the manager and "there's nobody here in charge of" the defendant's office.

Upon the completion of the testimony at the hearing, the court was unable to discern whether Russell or Fuchs was telling the truth, but found in the plaintiff's favor upon the ground that once the plaintiff had presented the testimony of its process server, "[i]t then became defendant's burden to show improper service by a preponderance of the evidence". However, it is well established that "the burden of proving that personal jurisdiction was acquired rests at all times upon the plaintiff in the action * * * [w]here * * * there is a sworn denial of service by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" *(Skyline Agency v*

*Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139; *Anton v Amato,* 101 AD2d 819; *De Zego v Donald F. Bruhn, M.D., P. C.,* 99 AD2d 823, *affd* 67 NY2d 875). Under the circumstances of this case, since the court did not apply the proper standard in weighing the evidence, a new hearing is required *(see, Powell v Powell,* 114 AD2d 443). Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.