■ MARTIN CARLINO, Appellant, v ALBERT COOK et al., Defendants, and ELIZABETH A. SCORDAMAGLIA, as Executrix of LOUIS J. SCORDAMAGLIA, Deceased, Respondent.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Kings County (Hirsch, J. H. O.), dated May 8, 1985, which after a hearing on Louis J. Scordamaglia's motion to dismiss the complaint as against him for lack of personal jurisdiction, granted the motion and dismissed the complaint as against him. Louis J. Scordamaglia has since died and Elizabeth A. Scordamaglia, as the executrix of his estate, has been substituted in his place and stead.

Ordered that the order is affirmed, without costs or disbursements.

Upon Louis J. Scordamaglia's motion seeking dismissal of the complaint premised upon lack of personal jurisdiction, Special Term (Duberstein, J.) ordered that a traverse hearing be held at which the validity of certain attempts to effect service upon Louis J. Scordamaglia was contested. Although the plaintiff attempted on three separate occasions to serve Scordamaglia, at the traverse hearing the plaintiff offered proof only with respect to a March 13, 1976 attempt to effect

personal service and a subsequent attempt to effect service by leave and mail service pursuant to CPLR 308 (2). On appeal, the plaintiff has abandoned his contentions with regard to the leave and mail service, and thus, the principal issue before us now concerns the plaintiff's attempt to effect personal service upon Louis J. Scordamaglia in March 1976. At the hearing, the plaintiff was unable to produce the process server who allegedly served Scordamaglia in 1976 and he thereupon sought to introduce, over defense counsel's objection, the process server's affidavit of service. Although defense counsel objected, arguing that the plaintiff failed to lay the proper foundation in connection with the unavailability of the process server *(see,* CPLR 4531; *cf. Kaszovitz v Weiszman,* 110 AD2d 117, 119; *Anton v Amato,* 101 AD2d 819, 820), the Judicial Hearing Officer nevertheless admitted the document for "what it was worth". In opposition to the affidavit, Scordamaglia testified that he had never been personally served with process and that he had, in fact, been recuperating from a serious automobile accident and had not even been in his office at the time when the process server's affidavit alleged that process was served upon him. Scordamaglia's secretary stated that the office was "never opened" on a Saturday, which was when the contested service was allegedly attempted. She further testified that Scordamaglia was not in the office between January and October 1976 because of the injuries he had sustained in the automobile accident. After the hearing, the Judicial Hearing Officer found that "the overwhelming evidence" indicated that Scordamaglia was not personally served on March 13, 1976.

Assuming, arguendo, that a proper foundation was laid as a prerequisite to the admission of the process server's affidavit, we nevertheless conclude that this prima facie evidence of service *(see,* CPLR 4531; *cf. Anton v Amato, supra)* was effectively rebutted by Louis J. Scordamaglia's detailed and specific controversions of the allegations contained in the affidavit. Moreover, the plaintiff offered no further substantive evidence in reply *(cf. Empire Natl. Bank v Judal Constr.,* 61 AD2d 789, 790). In light of the foregoing, the Judicial Hearing Officer's factual determination, which is entitled to great weight *(see, Anton v Amato, supra,* at p 820), is amply supported by the credible testimony adduced at the hearing, and we decline to disturb it. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.