■ ONNIE TORRES, Appellant, v EDUARDO T. CORPUS, JR., Respondent, et al., Defendant.—In an action for repayment of a loan, the plaintiff appeals from an order of the Supreme Court, Orange County (Green, J.), entered January 27, 1986, which (1) denied his motion for an order to punish the respondent for failure to appear for a deposition as a judgment debtor, and (2) granted the respondent's cross motion for an order vacating a default judgment of the same court, entered March 11, 1985, and dismissed the complaint as to him without prejudice.

Ordered that the order is affirmed, with costs.

In June 1982 the plaintiff Onnie Torres allegedly loaned the sum of $35,000 to the respondent Eduardo T. Corpus, the plaintiff's brother-in-law. According to the plaintiff, the sum incorporated a prior indebtedness and was to be repaid with interest pursuant to an orally agreed-upon schedule. The respondent disputes the foregoing, arguing that the loan was to be repaid whenever he was financially able, without interest. In November 1984, the plaintiff employed a process server who allegedly effected personal service of the plaintiff's summons and complaint alleging nonpayment of the loan upon the respondent. The respondent failed to interpose an answer and a default judgment was entered in March 1986.

In May 1986, after the plaintiff moved for an order to punish the respondent for failure to appear for a deposition as a judgment debtor, the respondent cross-moved for an order vacating the default judgment on the ground of lack of personal jurisdiction. A hearing was held at which the process server testified that he had personally served the respondent at his home and thereafter had mailed a copy of the summons and complaint to him. The respondent denied that he had received process either through personal service or by mail and stated that he first became aware of the lawsuit and the existence of the default judgment when he received the plaintiff's motion papers. After the hearing, the court concluded that the plaintiff had failed to carry his burden of establishing that personal jurisdiction had been obtained over the respondent. We affirm.

As the plaintiff concedes, "[i]t is well established that it is the plaintiff who bears the ultimate burden of proving by preponderating evidence that jurisdiction over the defendant was obtained" (Powell v Powell, 114 AD2d 443, 444; see also, Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 139; Kaszovitz v Weiszman, 110 AD2d 117, 119; Anton v Amato, 101 AD2d 819). Further, the determination of the hearing court in a matter such as this one is entitled to great weight upon appellate review (see, Anton v Amato, supra, at 820; Carlino v Cook, 126 AD2d 597).

On this appeal, the plaintiff's principal contention is that the hearing court erred in declining to credit the testimony of the plaintiff's process server over the respondent's denials of service. As this court has recently observed, however, " '[i]t is * * * well established that matters of credibility are properly determined by the hearing court, whose decision should not be

disturbed if supportable by a fair interpretation of the evidence' " *(Laurence v Hillcrest Gen. Hosp.,* 119 AD2d 808, 809, quoting from *Feeney v Booth Mem. Med. Center,* 109 AD2d 865, 866).* Our review of the record at bar discloses that the hearing court's determination was supported by a fair interpretation of the evidence adduced at the hearing and therefore should not be disturbed. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.