■ PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant, v JOAN HOLTZMAN, Respondent.—In an action for a judgment declaring that the plaintiff is not liable to

the defendant for no-fault benefits for loss of earnings, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Morrison, J.), entered June 9, 1986, which, after a hearing, denied its motion to strike the defendant's affirmative defense of lack of jurisdiction and dismissed the complaint, and (2) from an order of the same court, dated July 7, 1986, which denied the plaintiff's motion to reopen the hearing for the purpose of introducing further testimony.

Ordered that the orders are affirmed, with one bill of costs.

Evidence was presented at the hearing to the effect that a series of visits to the defendant's residence were made in an endeavor to effect proper service upon her. The court nevertheless expressed "serious doubts as to whether the prior attempts at service over a short span of time on a summer weekend and during working hours, without any further investigation, qualified as 'due diligence' ".

In accordance with the principle that the affidavit of service of the process server is not admissible into evidence to prove that service has been effected in conformity with the CPLR (*Carlino v Cook,* 126 AD2d 597; *Anton v Amato,* 101 AD2d 819, 820-821), we conclude that the plaintiff failed to sustain its burden of establishing the existence of personal jurisdiction (*Lexington Ins. Co. v Schuyler Bumpers,* 125 AD2d 554). Nor was it an abuse of discretion to deny the plaintiff's request for a second adjournment or a reopening of the hearing in order to take the testimony of the recalcitrant process server (*see, Cuevas v Cuevas,* 110 AD2d 873). Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.