■ Teresa Boudreau, Appellant, v Vasil Ivanov et al., Respondents.—In a defamation action the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Wager, J.), dated February 9, 1988, which upon granting the defendants' cross motion for summary judgment dismissing the complaint for lack of personal jurisdiction, dismissed the complaint, and (2) from an order of the same court, dated April 22, 1988, which denied her motion for renewal.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff failed to establish that the process servers were either dead or unavailable at the time of the hearing on the issue of service of process. Therefore the court correctly found that the affidavits of service were not admissible as prima facie evidence of proper service of process *(Carlino v Cook,* 126 AD2d 597; *Anton v Amato,* 101 AD2d 819).

Since the plaintiff failed to present any other evidence to sustain her burden of establishing proper service, the court correctly dismissed the complaint for lack of personal jurisdiction *(Prudential Prop. & Cas. Ins. Co. v Holtzman,* 135 AD2d 696; *Carlino v Cook, supra; Anton v Amato, supra).* Further the court did not improvidently exercise its discretion in denying the plaintiff's motion for renewal of the grant of the defendants' cross motion for summary judgment based upon the belated discovery of the location of one of the process servers *(Prudential Prop. & Cas. Ins. Co. v Holtzman, supra; cf., Gordon v Nemeroff Realty Corp.,* 139 AD2d 492). Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.