■ In the Matter of ST. CHRISTOPHER-OTTILIE, Respondent, for the Guardianship and Custody of DEVON M., a Child Alleged to be Abandoned. PERCIVAL D., Also Known as VICTOR D., Appellant.—Order, Family Court, New York County (Leah Marks, J.) entered on or about October 19, 1989, which denied respondent's motion to vacate a termination order entered on

default on February 11, 1988, unanimously modified, on the law and the facts, so as to grant the motion only to the extent of remanding for a traverse hearing, and otherwise affirmed, without costs.

A petition seeking termination of the parental rights of the natural mother and respondent was filed on July 14, 1987. A summons was issued and allegedly served on respondent as the claimed putative father. A fact-finding hearing was thereafter held at which neither the natural mother nor respondent appeared. After a hearing, the court entered a finding, *inter alia,* that respondent had abandoned the child. A dispositional hearing was thereafter held at which respondent was not present. At the close of the hearing, the court terminated his parental rights.

Respondent's motion to vacate the order terminating his parental rights was improvidently denied. Although the evidence presented by petitioner apparently established abandonment pursuant to Social Services Law § 384-b, the court erred in failing to hold a traverse hearing on the issue of the propriety of personal service, since respondent has raised an issue of fact with respect to the service of the petition. An affidavit of service is not conclusive once there is a sworn denial of receipt *(Empire Natl. Bank v Judal Constr.,* 61 AD2d 789). The marked difference in the physical description contained in the affidavit of service, as compared to that set forth in respondent's moving papers, requires that a traverse hearing be held *(see, Green Point Sav. Bank v Taylor,* 92 AD2d 910). Concur—Milonas, J. P., Wallach, Asch, Kassal and Smith, JJ.