■ LILLIAN BUKOFF et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.— In a proceeding pursuant to General Municipal Law § 50-e, the Manhattan and Bronx Surface Transit Operating Authority appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated June 14, 1990, which, upon granting the petitioners' application for leave to serve a late

notice of claim, deemed the notice of claim served on August 26, 1986, to have been timely served.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is remitted to the Supreme Court, Kings County, with a direction that the proceeding be transferred to the Supreme Court, New York County, for further proceedings in accordance herewith.

Proper service of an order to show cause dated September 8, 1986, was necessary to acquire personal jurisdiction over the appellant, the Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA) *(see,* CPLR 403 [d]; *see generally,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 403.04). MABSTOA's attorney produced documentary proof to support her claim that this order to show cause was not received at MABSTOA's office at 370 Jay Street. As in any action or proceeding, where, as here, such evidence of non-receipt creates an issue of fact as to the service of process, a hearing is required *(see, Matter of St. Christopher-Ottilie,* 169 AD2d 690; *Cadin Contr. v Rich Agency,* 158 AD2d 442; *Frankel v Schilling,* 149 AD2d 657).

It is also clear that the proceeding should have been immediately transferred to New York County. Since the underlying accident occurred in New York County, and since the New York City Transit Authority is among the parties named as a defendant in the petitioners' action, New York County is the only proper venue, both for the trial of the action *(see,* CPLR 505 [b]) and for any proceeding to file a late notice of claim *(see,* General Municipal Law § 50-e [7]).

The proceeding is remitted to the Supreme Court, Kings County, and should thereupon be transferred to the Supreme Court, New York County, for a determination, after a hearing to be held in the Supreme Court, New York County, as to whether or not process was properly served upon MABSTOA. Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.