■ D.H. Grosvenor, Inc., Respondent, v Fur Galleria, Inc., Appellant. [610 NYS2d 815] —In an action to recover payment for merchandise received, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated February 13, 1992, as denied that branch of its cross motion which was to dismiss the complaint for lack of personal jurisdiction and granted that branch of its cross motion which was to vacate its default in answering upon condition that it pay to the plaintiff the sum of $1,500.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

Where, as in the present case, there is a sworn denial of service by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (see, Matter of St. Christopher-Ottilie, 169 AD2d 690; Lexington Ins. Co. v Schuyler Bumpers, 125 AD2d 554; Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 139). The plaintiff's contention that the defendant should be equitably estopped from raising the jurisdictional issue based upon settlement negotiations which have allegedly transpired between the parties is not properly before this Court, involving as it does matters dehors the record (cf., Sitaras v Ricciardi & Sons, 76 AD2d 860). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.