■ In the Matter of ANN M. HOFFER, Respondent, v JOSEPH HOFFER, Appellant. [614 NYS2d 195] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered April 22, 1992, which granted the mother's motion for the imposition of sanctions against him.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

Initially, we note that the court file does not contain an order issued pursuant to the Family Court's denial of the

father's motion to vacate an order awarding custody to the mother on the ground that he had not been properly served with notice of the proceeding. However, we have reviewed the court's determination with respect thereto in the context of this appeal from an order imposing sanctions against the father for frivolous conduct *(see,* 22 NYCRR part 130).

Issues of credibility are primarily for the hearing court, and on this record we perceive no basis for disturbing the hearing court's determination that the father's testimony at the hearing was incredible *(see, Brooklyn Union Gas Co. v Arrao,* 100 AD2d 949). Moreover, the father had sufficient notice of, and a reasonable opportunity to be heard on, the application for the imposition of sanctions *(see,* 22 NYCRR 130-1.1 [d]). However, we conclude that the imposition of sanctions was inappropriate, as the record does not support the hearing court's determination that the father engaged in conduct that was frivolous as that term is defined in the Rules of the Chief Administrator of the Courts *(see,* 22 NYCRR 130-1.1 [c]). Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.