■ Rox Riv 83 Partners, Respondent, v Thomas Ettinger et al., Appellants. [715 NYS2d 424] —In an action to recover rents allegedly due, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 23, 1999, which, upon granting the plaintiff's motion for reargument, modified so much of a prior order dated February 11, 1999, as dismissed the complaint insofar as asserted against the defendant Thomas Ettinger on the ground of lack of personal jurisdiction, and reinstated the complaint as against him.

Ordered that the appeal by the defendant Margaret Ettinger is dismissed, without costs or disbursements, as she is not aggrieved by the order appealed from (*see,* CPLR 5511), and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff landlord commenced this action against the appellant Thomas Ettinger and the defendant Margaret Ettinger to recover rents allegedly due on two apartments. On a prior appeal (*see, Rox Riv 83 Partners v Ettinger,* 240 AD2d 389), this Court, *inter alia,* remitted the matter to the Supreme Court, Nassau County, for resolution of the issue of whether service of process properly had been made.

In lieu of a hearing on that issue, the parties submitted a stipulated statement of facts upon which the court was asked to decide whether personal jurisdiction had been obtained. The parties agreed, *inter alia,* that the plaintiff was unable to locate

the process server and thus, in effect, it was resting upon the affidavit of service alleging that the appellant had been personally served pursuant to CPLR 308 (1), and that service upon Margaret Ettinger had been accomplished pursuant to CPLR 308 (2), by service upon the appellant as a person of suitable age and discretion, with the requisite follow-up mailing. The defendants averred, however, and the plaintiff was forced to concede, that only one copy of the summons and complaint was delivered to the appellant. The plaintiff thus conceded that it had not acquired jurisdiction over the defendant Margaret Ettinger. The Supreme Court ultimately determined that jurisdiction had been acquired over the appellant. We affirm.

Contrary to the appellant's contentions, notwithstanding that the plaintiff failed to prove that the process server had died or was otherwise genuinely unavailable to testify (*cf., Anton v Amato,* 101 AD2d 819), the affidavits of service were admissible for the purpose of the court's determination of the jurisdictional issue raised via the parties' stipulation in lieu of a hearing.

The plaintiff had the burden of proving that jurisdiction was obtained over the defendants by proper service of process (*see, Spangenberg v Chaloupka,* 229 AD2d 482; *Lexington Ins. Co. v Schuyler Bumpers,* 125 AD2d 554). A process server's affidavit of service constitutes prima facie proof of service (*see, Kaywood v Cigpak, Inc.,* 258 AD2d 623; *Manhattan Sav. Bank v Kohen,* 231 AD2d 499). However, where there is a sworn denial of service by the party allegedly served, the affidavit of service is rebutted and jurisdiction must be established by a preponderance of evidence at a hearing (*see, Matter of Griffin v Griffin,* 215 AD2d 386; *D.H. Grosvenor, Inc. v Fur Galleria,* 202 AD2d 548; *Lexington Ins. Co. v Schuyler Bumpers, supra*).

Here, the parties agreed that the service issue would be decided upon the stipulated facts rather than at a hearing. Nevertheless, the affidavits of service, even without the testimony of the process server, were admissible (*see, Carlino v Cook,* 126 AD2d 597; *Anton v Amato, supra*). Generally, an unsupported affidavit of service would be outweighed by the testimony of a defendant denying service. The affidavits of service would not be inadmissible, but merely unpersuasive or insufficient on the weight of the evidence (*see, Anton v Amato, supra,* at 819-820; *De Zego v Donald F. Bruhn, P. C.,* 99 AD2d 823, *affd* 67 NY2d 875; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306:2, at 283). However, in this case, the affidavit alleging personal service upon the appellant was not rebutted, but was corroborated by

the appellant's admission that a single copy of the summons and complaint was personally delivered to him at his home. Thus, by the appellant's own admission, proper service was made upon him pursuant to CPLR 308 (1), thereby resulting in personal jurisdiction having been obtained over him. Thus, the Supreme Court properly sustained service as against the appellant. Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.