■ JENNIFER S. HES, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants and Third-Party Plaintiffs-Respondents. A.J. PEGNO CONSTRUCTION CORP., Third-Party Defendant-Respondent. [811 NYS2d 408]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated March 4, 2005, which denied her motion pursuant to CPLR 505 (b) to change venue from Nassau County to New York County.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]), and the matter is remitted to the Supreme Court, New York County, for further proceedings in accordance herewith.

The Supreme Court should have granted the plaintiff's motion to transfer venue to New York County pursuant to CPLR 505 (b) because the cause of action arose in Penn Station, New York County, and the New York City Transit Authority is a defendant. Contrary to the Supreme Court's finding, the plaintiff was not required to make a motion to restore the action because CPLR 3404 is inapplicable to this pre-note-of-issue action (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 196-197 [2001]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.