In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Metropolitan Transportation Authority, Access-A-Ride, MV Transportation, and Keith J. Davis appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated September 18, 2013, which denied their motion pursuant to CFLR 511 (b) and 505 (b) to change venue from Kings County to Richmond County.
Ordered that the order is reversed, on the law, with costs, the motion pursuant to CPLR 511 (b) and 505 (b) to change venue *931 from Kings County to Richmond County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Richmond County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).
CPLR 505 (b) provides, in pertinent part, that the “place of trial of an action against the New York city transit authority shall be in the county within the city of New York in which the cause of action arose.” Here, in support of their motion pursuant to CPLR 511 (b) and 505 (b) to transfer venue to Richmond County, the appellants established that the action arose in Richmond County and that the New York City Transit Authority is a defendant (see Hes v New York City Tr. Auth., 25 AD3d 762 [2006]; Bukoff v New York City Tr. Auth., 184 AD2d 610, 611 [1992]). In opposition, the plaintiff did not dispute these facts, and did not cross-move to retain venue in Kings County pursuant to CPLR 510 (3) (see Carobert v Baldor Elec. Co., 102 AD3d 905, 906 [2013]; McManmon v York Hill Hous., Inc., 73 AD3d 1137, 1138 [2010]; Fisher v Finnegan-Curtis, 8 AD3d 527, 528 [2004]). In any event, the plaintiff failed to demonstrate that venue should be retained in Kings County based on the convenience of nonparty witnesses (see Nova Cas. Co. v RPE, LLC, 115 AD3d 717, 718 [2014]; Zervos v Vargas, 105 AD3d 1040, 1041 [2013]; O’Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173 [1995]). Accordingly, the appellants’ motion to transfer venue to Richmond County pursuant to CPLR 511 (b) and 505 (b) should have been granted.
Balkin, J.E, Roman, Sgroi and Miller, JJ., concur.