OPINION OF THE COURT
Paul L. Alpert, J.
The decision/order of this court is as follows:
Defendant moves to renew and reargue a previous motion that sought to vacate a default judgment based on lack of personal jurisdiction (CPLR 5015 [a] [4]). The court denied the defendant’s previous order to show cause by an order dated February 5, 2015 based on defendant’s failure to make any sworn statement rebutting the affidavit of service. At the time of the order to show cause the defendant represented herself pro se. Additionally, since the court file was stored in an off-site facility in archives the defendant had no access to the process server’s affidavit in order to inspect its contents.
Currently, defendant is represented by counsel and sets forth new facts that were not presented in her prior application. Most importantly, the defendant has now had an opportunity to review the affidavit of service and indicates that at the time service was allegedly made she did not reside at the premises where the process server indicates process was served.
Plaintiff opposes the motion on the basis that the facts defendant set forth in defendant’s instant motion to renew were available at the time her initial motion was made and, therefore, the motion should be denied.
The court rejects plaintiff’s argument. At the time her initial motion was made, defendant did not have the benefit of reviewing the affidavit of service and, therefore, could not indicate whether or not she lived at the address where service was allegedly made. As this case was commenced in 2005, the court file was archived in an off-site facility. The court is aware that it takes an extensive period of time to retrieve such archived files. Based on the foregoing, the court finds that defendant has submitted new facts that would affect the outcome of the prior motion and has also provided a reasonable justification for not setting forth those facts in her previous application.
Therefore, defendant’s motion to renew is granted pursuant to CPLR 2221 (e). The court does not address the portion of defendant’s motion seeking reargument as renewal is granted.
Further, CPLR 5015 (a) (4) permits a defendant to move for an order vacating a default judgment based on the court’s lack *253 of jurisdiction. The statute sets forth no time limit for a defendant to move under subdivision (a) (4) unlike the one-year limitation imposed by section 5015 (a) (1) and the time limitation imposed by CPLR 317. Moreover, since jurisdiction is a threshold issue, the defendant need not establish a meritorious defense because if personal jurisdiction was never obtained over the defendant, the case must be dismissed.
In light of the fact that the defendant has set forth sworn statements specifically challenging the affidavit of service, the court must conduct a hearing to determine whether personal jurisdiction was established. (Matter of Devon M., 169 AD2d 690 [1st Dept 1991]; Empire Natl. Bank v Judal Constr. of N.Y., 61 AD2d 789 [2d Dept 1978].)
In order to resolve the issue of jurisdiction, this matter is hereby set down for a traverse hearing and defendant’s motion is granted to the extend that the parties are directed to appear for the traverse hearing on October 30, 2015 in Part 39, in room 528A of the Bronx Civil Courthouse, located at 851 Grand Concourse, Bronx New York at 11:00 a.m. The defendant is directed to requisition the file within 14 days of this order so that the same is available on the hearing date.
All stays in execution remain in effect.