Matter of Kathleen T.K. v Eric C.S. (2020 NY Slip Op 02266)





Matter of Kathleen T.K. v Eric C.S.


2020 NY Slip Op 02266


Decided on April 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-07754
 (Docket Nos. P-304-95/18B, F-9257-05/18C)

[*1]In the Matter of Kathleen T.K. (Anonymous), respondent,
v
Eric C.S. (Anonymous), appellant.


William C. McCulloh, P.C., West Babylon, NY, for appellant.
Kathleen T. K., Riverhead, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the father appeals from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated May 24, 2019. The order denied the father's objections to an order of the same court (Barbara Lynaugh, S.M.) dated October 23, 2018, which, after a hearing to determine the validity of service of process, in effect, denied that branch of his motion which was pursuant to CPLR 5015(a)(4) to vacate an order of support dated April 21, 1999, entered upon his failure to appear.
ORDERED that the order dated May 24, 2019, is reversed, on the law, without costs or disbursements, the father's objections to the order dated October 23, 2018, are granted, the order dated October 23, 2018, is vacated, and the matter is remitted to the Family Court, Suffolk County, for a new hearing to determine the validity of service of process and a new determination thereafter of that branch of the father's motion which was pursuant to CPLR 5015(a)(4) to vacate the order of support dated April 21, 1999.
In 1995, the mother commenced this proceeding by filing a petition alleging that Eric C. S. (hereinafter the father) is the father of the child born to her in October 1991 and seeking child support. Upon the father's failure to appear, the Family Court issued an order of filiation and an order of support, both dated April 21, 1999. In March 2018, the father moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of support for lack of personal jurisdiction, alleging that he was not served with the petition. In an order dated June 8, 2018, the Support Magistrate directed that a hearing be held to determine the validity of service of process. After the hearing, in an order dated October 23, 2018, the Support Magistrate denied that branch of the father's motion which was pursuant to CPLR 5015(a)(4) to vacate the order of support. The father filed objections, and in an order dated May 24, 2019, the court denied his objections. The father appeals.
The Support Magistrate did not apply the correct standard in weighing the evidence adduced at the hearing. "It is well established that it is the plaintiff [or the petitioner] who bears the ultimate burden of proving by preponderating evidence that jurisdiction over the defendant [or the respondent] was obtained" (Powell v Powell, 114 AD2d 443, 444). The plaintiff or the petitioner may sustain that burden, inter alia, by introducing the affidavit of service and the testimony of the process server, or evidence demonstrating that the process server is unavailable or that diligent efforts were made to locate the process server to no avail (see generally Matter of Mary A.G. v Ira [*2]T.B., 157 AD3d 951, 952). Here, the mother, as the party who commenced this proceeding, was the party who bore the burden of proving that jurisdiction was obtained over the father. At the conclusion of the hearing, however, the Support Magistrate denied that branch of the father's motion which was pursuant to CPLR 5015(a)(4) to vacate the order of support, finding that he failed to credibly meet his burden of proving that he was not served with the petition on March 20, 1999.
Accordingly, since the Support Magistrate did not apply the correct standard in weighing the evidence, a new hearing is required (see Lexington Ins. Co. v Schuyler Bumpers, 125 AD2d 554, 555; Powell v Powell, 114 AD2d at 444).
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court