Chase Home Fin., LLC v Kahana (2021 NY Slip Op 05022)





Chase Home Fin., LLC v Kahana


2021 NY Slip Op 05022


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2018-01116
 (Index No. 3090/10)

[*1]Chase Home Finance, LLC, respondent, 
v
Chaim Kahana, et al., appellants, et al., defendant.


Phillip J. Murphy, New City, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Chaim Kahana and Frimet Kahana appeal from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered August 9, 2017. The order, insofar as appealed from, after a hearing to determine the validity of service of process upon the defendants Chaim Kahana and Frimet Kahana, denied those defendants' cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage, the defendants Chaim Kahana and Fermit Kahana (hereinafter together the defendants) failed to appear in the action and, when the plaintiff moved, inter alia, for an order of reference, they cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them, contending that they were never served with process. At a subsequent hearing to determine the validity of service of process, the process server did not testify, but his affidavits of service upon the defendants were admitted into evidence pursuant to CPLR 4531, over objection. Following testimony by both of the defendants, the Supreme Court found that they were properly served with process. In an order entered August 9, 2017, the court among other things, denied the defendants' cross motion to dismiss the complaint insofar as asserted against them. The defendants appeal.
"The plaintiff had the burden of proving that jurisdiction was obtained over the defendants by proper service of process (see Spangenberg v Chaloupka, 229 AD2d 482; Lexington Ins. Co. v Schuyler Bumpers, 125 AD2d 554). A process server's affidavit of service constitutes prima facie proof of service (see Kaywood v Cigpak, Inc., 258 AD2d 623; Manhattan Sav. Bank v Kohen, 231 AD2d 499)" (Rox Riv 83 Partners v Ettinger, 276 AD2d 782, 783).
Here, a hearing was warranted based on the defendants' affidavits, which contained detailed and specific contradictions of the allegations in the affidavits of service (see Banker's Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344). Contrary to the defendants' contention, the process server's affidavits of service were properly admitted into evidence at the hearing pursuant to CPLR 4531, since the hearing evidence supported the Supreme Court's conclusion that the process server [*2]could not be compelled with due diligence to attend the hearing (see Tribeca Lending Corp. v Moogan, 190 AD3d 779, 781; Deutsche Bank Natl. Trust Co. v Vilfranc, 157 AD3d 766, 767).
We discern no basis to disturb the determination of the Supreme Court, which saw and heard the witnesses at the hearing, that the defendants were properly served with the summons and complaint (see Matter of Reisz v Reisz, 267 AD2d 462).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court