A decree may be entered according to the findings filed herewith.

Decreed accordingly.

---

HORACE WASSON et al., Plaintiffs, *v.* FRANCIS L. HOFF et al., Defendants.

(County Court, Erie County, March, 1899.)

Foreclosure — Not abated by death of the owner of the equity of redemption after interlocutory judgment — Form of final judgment — Waiver of irregularity.

The death of the owner of the equity of redemption, against whom no deficiency judgment was demanded, after the entry in a litigated action of foreclosure of an interlocutory judgment directing a sale, does not cause the action to abate, and final judgment must, under the provisions of section 763 of the Code of Civil Procedure, be entered in the name of the original parties.

Where the interlocutory judgment fails so to provide, the court has power to provide in the final judgment for the appointment of a referee and for an additional allowance to the plaintiff.

Defendants, who do not claim under the owner of the equity of redemption, cannot attack the judgment, and particularly not upon mere allegations that persons, not named, have succeeded by descent to the interest of such owners.

A defendant who has not at the first opportunity (when the question of the appointment of a referee and that of an extra allowance of costs was argued) raised the point of the irregularity of the judgment, must thereafter be deemed to have waived any irregularity.

MOTION on behalf of defendants Hoff for an order directing that all proceedings in above-entitled action subsequent to the death of Margaret E. Sherwood be vacated and set aside as irregular, on the ground that Margaret E. Sherwood was dead and her successors in interest had not been made parties to the action.

Charles M. Harrington, for plaintiffs.

Hartzell & Hartzell, for defendant Francis L. Hoff.

O. O. Cottle, for defendant Katherine Hoff.

EMERY, J. This is a motion made on behalf of the defendants Katherine Hoff and Francis L. Hoff for an order directing that all proceedings in this action subsequent to the death of the defendant Margaret E. Sherwood (which occurred on January 1, 1899), including the appointment of a referee to sell, the allowance of additional costs, entry of judgment and issue and delivery of process to sell, be vacated and set aside as irregular, on the ground that Margaret E. Sherwood was dead and her successors in interest had not been made parties to the action, that the action had abated and had not been revived or continued, and the fee of the mortgaged premises had descended to persons who are not parties to the action, and no notice of said proceedings was given to such successors or the attorneys for the said Francis L. Hoff.

This action was brought by the plaintiffs against Francis L. Hoff, Katherine Hoff and Margaret E. Sherwood as defendants for the foreclosure of a mortgage covering premises situate in the city of Buffalo, Erie county, N. Y. The said defendants Katherine Hoff and Margaret E. Sherwood served answers, raising material issues to plaintiffs' complaint. The defendant Margaret E. Sherwood was the owner of the equity of the premises described in the complaint. The action came on for trial, and was tried at a term of the County Court, without a jury, in December, 1898, and a decision adjudicating the rights of the various parties to the action, and determining all the issues raised, was

made December 19, 1898, and duly filed in Erie county clerk's office on the 21st day of December, 1898, and on the same day duly served upon O. O. Cottle, Esq., attorney for said answering defendants. The said decision determined that the lien of the plaintiffs' complaint upon the said premises was a good and valid lien, determined the amount of the same, and directed a judgment of foreclosure and sale of the premises described in the complaint, together with other relief, as demanded in the complaint and awarded to the plaintiffs' costs and disbursements. The said decision did not determine the amount of costs and no referee to sell was therein appointed. Motion papers for that purpose were thereafter duly served upon O. O. Cottle, Esq., as attorney for said defendants Katherine Hoff and Margaret E. Sherwood, on December 21, 1898, and the motion so made was argued January 5, 1899, before the court, said O. O. Cottle, Esq., appearing in open court on behalf of said two defendants who had answered, and arguing the same in opposition to said motion; and thereafter and on the 14th day of January, 1899, the said O. O. Cottle, Esq., in behalf of all the defendants, including the said defendant Margaret E. Sherwood, filed exceptions to said decision in Erie county clerk's office and served a copy of same on the attorney for the plaintiffs.

On January 1, 1899, the said defendant Margaret E. Sherwood died, then being the owner of the fee of said premises. It does not appear who her successors in interest are. No judgment for deficiency was asked for against the defendant Margaret E. Sherwood, and said decree and judgment of sale provided for no relief against her except the usual judgment of sale; and so far as she and her successors in interest are concerned, the action is one *in rem*, and not one *in personam*. At common law, death abated all actions, so as to put an end to them and compelled representatives or successors of deceased parties to begin as if the first action had not been instituted. The law at present applicable to this phase of the question, to-wit; the death of the owner of the equity after decision made and on file, is section 763 of the Code of Civil Procedure, which provides, "If either party to an action dies, after an accepted offer to allow judgment to be taken, or after a verdict, report, or decision, or an interlocutory judgment, but before final judgment is entered, the court must enter final judgment, in the names of the original parties; unless the offer, verdict, report or decision, or the interlocutory judgment, is set aside." The language of this section is imperative, and no amendment of parties

would, therefore, seem necessary or permissible prior to the render-ing of judgment. The decision in this action adjudicated all the rights of the parties, and directed everything that was necessary to be done, except it failed to appoint a referee to sell, and such de-cision is in reality a decree. It would, therefore, seem that the proper manner to enter judgment where a party dies after decision has been rendered and before the judgment of sale, or other judg-ment has been entered is in the names of the original parties. Arents v. Long Island R. R. Co., 36 App. Div. 382; Tuomy v. Dunn, 77 N. Y. 515; Long v. Stafford, 103 id. 274; Grant v. Griswold, 21 Hun, 509; Smith v. Joyce, 11 Civ. Pro. 257. It is held in the case of Long v. Stafford, cited above, that where a party has died after verdict rendered against him, and before judgment, that judgment can be entered in the original name of the party without change, and that the entry of the judgment is a mere formal matter which the court could have ordered without notice. In that case the notice of motion for judgment was served upon the attorney for the deceased party, and after the party had died. The court says that this procedure was at the most irregular, but it does not hold that it was in fact irregular. It avoids deciding that issue, but it will be noted that the judgment there in question was a judgment *in personam*, and one requiring greater care than a judgment such as is entered herein, inasmuch as it would have to be executed against the repre-sentatives of the deceased party. In my opinion, the decision in the case at issue had practically the same force and effect as if a regular judgment of foreclosure and sale, taken by default, had been entered.

A decree made and entered before death of a party may be executed thereafter, notwithstanding the death of the party, and binds all persons claiming any interest under such party, and where the judgment is to be enforced by a sale of the party's interest in the property, and not to be enforced *in personam*, as in this case, an application to revive is unnecessary. Hays v. Thomas, 56 N. Y. 521; Wing v. de la Rionda, 125 id. 678.

So far as the additional allowance to plaintiffs' attorney for costs, and the appointment of the referee to sell are concerned, the decision had already provided for costs and disbursements, but had not determined the amount of same, and it certainly would seem that the court had the authority to determine the amount of the costs to be allowed plaintiffs' attorney and to appoint an officer

of the court to sell, in order to carry the decision into effect; but in addition to the foregoing, the motion papers were served upon the counsel for the defendant Sherwood while she was living, and such counsel appeared in open court and argued the motion upon its merits, both for Katherine Hoff, one of the moving parties, to set aside said judgment, and also for Margaret E. Sherwood, now deceased. The Code of Civil Procedure (§ 1297) provides that where a party dies and judgment is entered in the name of the original party, the attorney for the party defendant who had died may serve exceptions, notice of appeal, and even procure and serve an undertaking in the name of such party, and that all such acts inure for the benefit of the successors in interest of the deceased. The defendant Katherine Hoff appeared by counsel in open court in opposition to the motion for such extra allowance, and the appointment of a referee, and argued said motion, and not having seen fit to avail herself at that time to object to the argument of the motion, and the continuance of the action, has waived, on her part, the right to raise the question of irregularity, and cannot now raise the same on this motion; for if she fails to object to the proceeding on account of the irregularity at the earliest period, and before she takes any other step in the case, it is a waiver. Strong v. Strong, 4 Robt. 621; Low v. Graydon, 14 Abb. Pr. 443; Lawrence v. Jones, 15 id. 110. So, therefore, as far as the defendant Katherine Hoff is concerned, she has waived all right to question the judgment by reason of any irregularity in obtaining the same, if any such exists. As to the defendant Francis L. Hoff, it appears he was in default and was not entitled to notice of the motion for the appointment of a referee, or for extra allowance, and the irregularity, if any such existed, did not concern him in any way, as it does not appear from the moving papers that either he or the said Katherine Hoff are the successors in interest of the defendant Margaret E. Sherwood. The ones aggrieved are the only ones who should be allowed to take advantage of any irregularity.

It would seem, therefore, that the judgment being one for the sale of the premises only, so far as the said Margaret E. Sherwood is concerned, that the action is not abated by her death and no revivor is necessary, and that all proceedings were regular. I am, therefore, of the opinion that the judgment of foreclosure and sale was properly granted on January 5, 1899, and should stand, and that being the case there is no reason why process should

not issue to the referee to sell. The case of Requa v. Holmes, 16 N. Y. 193, relied on by the moving party, does not seem to be in point, because the defendant in that case died before interlocutory judgment and before the rights of the parties were determined.

Motion denied, with $10 costs.