## In the Matter of the Estate of WILLIAM J. CASEY, Deceased.

Surrogate's Court, New York County, November 14, 1945.

*Karelsen, Karelsen & Rubin* for Catherine Kacsmarik, as administratrix, petitioner.

*Milton W. Levy* and *Joseph S. Gershman* for Margaret Grain, claimant, respondent.

*Aaron A. Roth* for Georgie B. C. de Heredia, individually and as executrix of Marianna C. Macdougall, judgment creditor, respondent.

*Frederick W. McGowan* for National Surety Corporation.

*Kenneth J. Mullane* for William J. Casey, a person in military service.

DELEHANTY, S. The major controversy in this accounting proceeding concerns the status of a creditor who caused deficiency judgments in foreclosure to be entered after the death of deceased. If such judgment creditor is deemed to have a judgment against deceased within the meaning of subdivision 3 of section 212 of the Surrogate's Court Act the other objectant cannot participate in the small balance available for distribution.

The judgments in question are dated in 1921. The judgments respectively directed certain mortgaged premises be sold and that the referee should compute the amount of any deficiency in his report of sale and that the defendant be adjudged liable for the deficiency upon the coming in of such report. The creditor relies upon the terms of section 478 of the Civil Practice Act and cites *Matter of Clark* (5 Dem. 377) which interpreted the earlier statute from which the cited section of the Civil Practice Act was derived.

It was determined in *Feiber Realty Corp.* v. *Abel* (265 N. Y. 94) that the terms of section 1083-a of the Civil Practice Act limiting deficiency judgments do not apply to a judgment of foreclosure entered prior to the effective date of such section. The opinion (p. 98) quotes with approval a comment in an earlier case to the effect that the entry of a deficiency judgment is merely a clerical act. The case says in terms that the judgment of foreclosure and sale is a final one and is an adjudication of all questions at issue. In *Wing* v. *Rionda* (125 N. Y. 678) it was held that after the entry of a decree of foreclosure the terms of judgment could be carried out after the death of the defendant mortgagor without reviving the action against his heirs or representatives. Thus it seems clear from the authorities that the

judgments relied upon are judgments entitled to the statutory preference granted by subdivision 3 of section 212 of the Surrogate's Court Act.

This ruling makes unnecessary any determination as to the claim of the general creditor. Objections numbered 1 and 2 of the judgment creditor are overruled on the merits. Her other objections require no ruling except a direction that the distributable balance in the hands of the administratrix be paid on account of the judgments.

Submit, on notice, decree settling the account accordingly.