John E. Cone, J.
In this completed foreclosure action of a mortgage, plaintiff, the purchaser of the property at the sale and the present owner, seeks an order in the nature of a writ of assistance ousting the defendants, the former owners, of possession and putting the plaintiff in possession.
Defendants, against whom the writ is sought, cross-move for an order setting aside their alleged default and vacating the judgment of foreclosure and sale on the ground that service of the summonses were not made upon them and that in any event the plaintiff, by its action in accepting payments on account of the mortgage during the foreclosure, waived any default and was estopped from completing the action.
An examination of the filed papers clearly establishes that the defendants were aware of the institution of the action as late as July, 1957 and despite such knowledge no effort was made by them to vacate their alleged default until the institution of plaintiff’s application for the writ of assistance.
While courts exercised great liberality in vacating defaults in order to give parties their day in court, it is axiomatic that a court of equity will not grant such relief to a party seeking to set aside a judgment if he is guilty of laches. Defendants had sufficient notice of the pending foreclosure action to have been charged with the duty to investigate into the facts and circumstances surrounding the question of service and to take such steps to protect their interests instead of waiting until the completion of the action and the sale of the property.
As to the claim of waiver and estoppel, an intention to waive the right to mature the entire indebtedness of a mortgage must clearly appear and an agreement to postpone the time of payment of interest or principal where there is no new consideration is not enforcible and is not a waiver of the right to mature the entire indebtedness (1 Wiltsie, Mortgage Foreclosure [5th ed.], § 56, pp. 103, 105).
Here, the mortgagee had unequivocally by letter and the commencement of the action expressed its desire of calling in .the entire indebtedness. If any payments were made, they were made not on account of the mortgage but rather on account of the judgment of foreclosure and sale dated December 12, 1957. Such a judgment is final (Wadsworth v. Lyon, 93 N. Y. 201; Norris v. Morange, 38 N. Y. 172; Bondy v. Aronson & List Realties, 227 App. Div. 136) and is an adjudication of all questions at issue (Matter of Casey, 186 Misc. *380 151; Best v. Patten, 158 Misc. 8) and fixes the rights of the parties in respect to the foreclosure (Wasson v. Hoff, 27 Misc. 55).
The judgment of foreclosure and sale having terminated the rights of the parties under the mortgage, any payment made on account could only be applied to the diminishment of the amount of the judgment.
Accordingly, the cross motion should be denied and the motion for the writ of assistance granted (Greenpoint Sav. Bank v. Lefkowits, 184 Misc. 716; Steigman v. Singer Tobacco Confectionery Co., 72 N. Y. S. 2d 560, affd. 272 App. Div. 1029; Quinn v. Lyne, 207 Misc. 992) with stay of execution for 30 days after service of a copy of the order to be entered herein with notice of entry.
Settle order on notice.