■ ROBERT HOWARD, Respondent, v ABRAHAM I. SPITALNIK, Defendant, and MICKEY ROSENBERG, Appellant.—Appeal from order, Supreme Court, New York County, entered July 26, 1978, denying defendant's motion to dismiss for nonservice of a summons and for failure to serve a complaint after notice of appearance, is unanimously dismissed, without costs, as academic having been subsumed in the order, Supreme Court, New York County, entered September 11, 1978, which granted defendant's motion for reargument. The order of September 11, 1978, is unanimously modified, on the law, without costs, to grant on reargument the motion to dismiss for lack of personal jurisdiction, and otherwise affirmed, without costs. This appeal brings into issue Special Term's denial of a motion to dismiss this action for lack of personal jurisdiction or, in the alternative, for a hearing to determine whether or not the defendant was properly served with a summons. One Jerome Burns, an experienced process server, purportedly served the summons on appellant Rosenberg. Burns' affidavit of service describes Rosenberg as a white male with bleached hair, approximately 39 years old, five foot, nine inches, 180 pounds. Rosenberg denies having received service of any summons in this action and points to the fact that he is 56 years old and has graying brown hair. Since the papers in the record indicate that the claim of lack of jurisdiction is substantial, the jurisdictional question should be disposed of at the threshold of the litigation. (*Usher v Usher*, 41 AD2d 368.) In the instant case, a finding of lack of jurisdiction over the person may have obviated the need for a plenary trial. Appellant's affidavit in support of the motion for an order dismissing the complaint or in the alternative a CPLR 3211 (subd [c]) hearing has clearly raised a genuine issue of fact. As noted by Professor Siegel: "If a fact issue appears in connection with a 3211 motion, whether brought under subdivision (a) or (b), and the motion cannot be decided until the issue is resolved, the court is expressly empowered by subdivision (c) to order an immediate trial of the issue" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY Book 7B, CPLR 3211, p 50.) Suffice it to say, that on this record it was error to deny the motion. However, it appears that a remand for hearing would be more of a delay to the prompt resolution of this matter than would be an outright dismissal. Plaintiff's counsel seems to prefer serving a new summons in the event of reversal. Concur—Evans, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.