OPINION OF THE COURT
Gilbert Ramirez, J.
Defendants Dockery move to vacate a default judgment in this foreclosure action on the grounds that they were never served with process.
background
This action (the mortgage action) was commenced in 1975 *317 and a judgment entered in 1980. Thereafter, the property was sold by the plaintiff to HUD, which, in turn, deeded it to one Anne Frommann. Defendants’ motion to vacate was made after Frommann sought to evict them from the premises.
Plaintiff and Frommann (the opposition) oppose the relief sought on several grounds. Of primary interest are the following:
1. Defendants are barred from the relief sought by laches. In reply to this, defendants argue that laches is not applicable in a case where personal jurisdiction has not been obtained.
2. A prior foreclosure action based upon a mechanic’s lien (the lien action) resulted in a default judgment against the defendants in 1972 and title was vested in Rick Mar, the first-named defendant in this action. Thus, the opposition contends that the defendants were not even titleholders at the commencement of the mortgage action and did not have to be served. Defendants do not contest the existence of the lien action but deny that they were served with process in that action as well. Being aware of the unlikely situation involving two "bad” services upon the same parties by two different process servers on two different occasions, the Dockerys argue "that would mean that the fact that we have been victimized by 'sewer service’ on two occasions rather than one, makes that service (in the lien action) valid.”
LACHES
The law is clear that where there has been a failure to obtain personal jurisdiction any subsequent judgment is a nullity (Royal Zenith Corp. v Continental Ins. Co., 63 NY2d 975; Community State Bank v Haakonson, 94 AD2d 838). Apparently, it is the contention of the Federal National Mortgage Association (FNMA) and Frommann that where a valid case of laches is shown that this precept should be disregarded.
Several cases dealing with this question have come to the court’s attention. In Amsterdam Sav. Bank v City View Mgt. Corp. (45 NY2d 854), a bidder at a foreclosure proceeding, having learned of an irregularity in the proceeding, delayed in seeking relief for a period of three months. In refusing to grant relief, the court said (at 855-856): "The three-month delay in taking action after having learned within minutes of the irregularity in the foreclosure proceeding was inexcusable, and caused a substantial change in position by respondents, *318 who had contracted to resell the property to third parties. This combination of inexcusable delay and detriment to other parties requires application of the doctrine of laches [citation omitted].” While the application of laches in Amsterdam seems appropriate, the case is distinguishable from the case at bar since there was no question of lack of personal jurisdiction in Amsterdam. Rather, there was a simple question of inactivity on the part of the entity against which laches was applied.
The case of Henmor Funding Corp. v Rodriguez (17 Misc 2d 378 [Sup Ct, Kings County]) is more on point. In Henmor the court refused to vacate a default judgment in a foreclosure proceeding despite a claim of lack of personal jurisdiction. The court stated (at 379):
"An examination of the filed papers clearly establishes that the defendants were aware of the institution of the action as late as July, 1957 and despite such knowledge no effort was made by them to vacate their alleged default until the institution of plaintiff’s application for the writ of assistance.
"While courts exercised great liberality in vacating defaults in order to give parties their day in court, it is axiomatic that a court of equity will not grant such relief to a party seeking to set aside a judgment if he is guilty of laches.”
Thus, the basis for the application of laches in Henmor was that "[defendants had sufficient notice of the pending foreclosure action.” (Supra, at 379; see also, Revona Realty Corp. v Wasserman, 4 AD2d 444 [defendant having delayed for an inordinate period of time to vacate a default judgment of which he was aware, he waived the claim of lack of personal jurisdiction].) While it may be argued strongly that defendants herein had or should have had notice of foreclosure proceedings, this is not established by the record and the application of laches as in Henmor and Revona is not appropriate. Moreover, at least one appellate court has ruled that even if a defendant has subsequent notice of a lawsuit that lack of proper service of process would require a vacatur of a default judgment (McMullen v Arnone, 79 AD2d 496).
In Langer v Wiehl (207 Misc 826 [Sup Ct, Queens County]) Special Term vacated a default judgment because of lack of personal jurisdiction. In the course of the decision the court said "A motion to vacate a judgment on the ground of lack of jurisdiction may be made at any time and will not be denied for laches since the judgment is a nullity. [Citation omitted.]” (Supra, at 829.) Some years later the Appellate Division in *319 this department came down with a decision in the case of Roosevelt Hardware v Green (72 AD2d 261). Roosevelt involved a purchase by a bidder at a Sheriffs sale of a judgment debtor’s interest in real property. When the judgment debtor moved to vacate the underlying default judgment for lack of jurisdiction, the original judgment creditor argued that service had been proper and that defendant’s motion to vacate was barred by laches. The parties entered into a stipulation vacating the judgment and the defendant thereafter had her title reinstated under the doctrine of McCracken v Flanagan (141 NY 174).
The Appellate Division reversed the reinvesting of title stating that the Sheriffs deed could only be voided where the vacating of the underlying judgment reflected an impropriety at the time the deed was obtained thereby establishing some certainty of title for participants at judicial sales. The case was remanded to allow the defendant to renew her claim as to lack of personal jurisdiction.
Of particular interest to the current matter is the statement in Roosevelt that "fijnsofar as the claim of lack of jurisdiction comes within the ambit of CPLR 5015 (subd [a]) Special Term, on the remand, should be guided by the principles governing a motion under that section.1” (Roosevelt Hardware v Green, 72 AD2d 261, 265, supra [emphasis supplied].) Footnote 1 in its relevant part reads: "At this point, it is also important to stress that purchasers at judicial sales are not subject to the arbitrary whims of judgment debtors who may seek to recover their properties at any time. As noted, the principles of laches may limit a judgment debtor’s efforts to vacate the judgment pursuant to CPLR 5015 (subd [a]).” (Supra, at 266.) This apparently is the first pronouncement by an appellate court to the effect that laches may bar a party from succeeding in vacating a judgment based upon a claim of lack of personal jurisdiction and directly contradicts the Longer holding. Although the language concerning laches is contained in a footnote and was not essential to the determination in Roosevelt, it is to be noted that the West System in reporting the case saw fit to elevate the court’s footnote to an independent "keynote”.* (Roosevelt Hardware v Green, 424 NYS2d 276.)
*320 While Roosevelt (supra) appeared to open the door to the laches argument propounded by the opposition, a recent decision in the Appellate Division, again in this department, seems to close it again. In vacating a default judgment against the guarantor on a promissory note, the court stated: "Nor is the defendant Pepitone’s application barred by the doctrine of laches because personal jurisdiction was not obtained, and, in any event, mere delay alone, without actual prejudice, does not constitute laches (see, Roosevelt Hardware v Green, 72 AD2d 261, 265, n 1 * * *).” (Foley Mach. Co. v Amaco Constr. Corp., 126 AD2d 603, 604.) While Foley might be read as confined to the proposition that because there was mere delay without prejudice that laches did not apply, from the language preceding that idea it seems clear that this department is not ready to follow up on the Roosevelt language in regard to laches, default judgments and personal jurisdiction.
SERVICE OF PROCESS
Having decided the laches question, we must now determine whether or not personal jurisdiction was obtained in the two actions through proper service of process.
In regard to the mortgage action defendant Jasper Dockery states: "I was not served with any papers in this action”. "The personal description in the affidavit of service is wholly inaccurate [and] [t]he description of my wife, Una Dockery, contained in the Affidavit is wholly inaccurate”. In regard to the lien action Mr. Dockery states: "I am informed that an affidavit of service, sworn to September 9th, 1971, alleging service of process on myself and my wife on September 7th, 1971 is included in the file of the Rick-Mar action. This affidavit does not set forth a description of my wife or myself. In any event I was not served and I thoroughly believe my wife was not served.”
Do the contentions advanced by the defendants warrant a traverse hearing to determine if proper service was made'and personal jurisdiction obtained? Does a bare allegation, albeit sworn, that process was not served mandate such a hearing or is a party denying jurisdiction required to present facts to be afforded a hearing? The cases dealing with the subject expound both the "sworn denial” rule and the "factual issue” rule.
One of the clearer statements in favor of the sworn denial rule is contained in Empire Natl. Bank v Judal Constr. (61 *321 AD2d 789). While not exactly on point because it involved a question of mailing, the court held that the defendant who did not aver that she had not received process in the mail was not entitled to a dismissal, but the sworn denial of the other defendant required a hearing to determine if the papers had been mailed to him. In Albers v Luizzi Enters. (127 Misc 2d 190, 192 [Sup Ct, Schenectady County]), the court cited Empire for the proposition that "an affidavit of service is not conclusive once there is a sworn denial of receipt.” Empire was cited again in the case of De Zego v Bruhn (99 AD2d 823) for the proposition that the denial of personal service by a defendant shifted the burden of proof to plaintiff to substantiate allegations of personal service. (But cf., Nuez v Diaz, 101 Misc 2d 399 [Sup Ct, Monroe County], as to the question of burden of proof.)
A case militating strongly to the factual approach is Howard v Spitalnik (68 AD2d 803). In his affidavit defendant disputed the description made in the affidavit of service. The court said (at 803): "Appellant’s affidavit in support of the motion for an order dismissing the complaint or in the alternative a CPLR 3211 (subd [c]) hearing has clearly raised a genuine issue of fact” (emphasis supplied). Based upon the foregoing the Appellate Division would have remanded for a traverse hearing, but dismissed on plaintiff’s preference to institute a new action. (See also, Hickey v Naruth Realty Corp., 71 AD2d 668 [hearing required because question of fact on proper service].) At least one Federal appellate court has interpreted New York law as taking the factual issue approach. In Davis v Musler (713 F2d 907, 914) the Court of Appeals, Second Circuit, ruled that a motion to vacate for lack of jurisdiction "raised sufficiently serious questions of fact to warrant an evidentiary hearing under New York law.”
The case of Greenpoint Sav. Bank v Taylor (92 AD2d 910) straddles the issue. The court concludes by stating flatly that "[t]he sworn denial by the appellant that she had been served requires a hearing to determine whether she was in fact served.” (Supra, at 910.) However, the court in Greenpoint had previously referred to defendant’s factual claims that the affidavit of service contained an inaccurate physical description and that at the time of the alleged service she was at her place of employment and could not have been served as indicated. The statement in Greenpoint as to a sworn denial requiring a hearing was found by one court to be limited by the need to show some factual dispute. In Ninth Fed. Sav. & *322 Loan Assn. v Yelder (107 AD2d 799) the court ruled that defendants had failed to raise an issue of fact sufficient to warrant a traverse hearing and referred to Greenpoint, apparently as an example where a sufficient issue of fact had been raised to warrant a hearing.
Based upon the foregoing, this court is of the opinion that in order to be granted a traverse hearing a party must present some question of fact rather than a mere denial of service. It is difficult to believe that any of the so-called sworn denial decisions actually intend that a bald denial by a defendant as to receipt of process should trigger a full evidentiary hearing. To hold otherwise would be to open a potential floodgate of mandated hearings whenever a party may choose to controvert receipt of process despite the possible consequences for a false denial. Accordingly, we will weigh the need for a hearing on the scales of the factual issue test.
In the mortgage action defendants present an affidavit stating in detail the difference between the physical descriptions contained in the affidavits of service and their actual physical descriptions according to defendants themselves. This denial of service clearly meets the factual issue test for a hearing. In the lien action the Dockery affidavit alleges that they were never served and that there is no description in the affidavit of service. The Dockery affidavit is completely devoid of any fact which, if proven, would support their denial. Nor can any deficiency in the affidavit of service be found merely because of a lack of physical description since the requirement for a physical description became law in 1973, some two years after the affidavits of service were executed. Accordingly, defendants present no issue of fact to warrant a hearing on the validity of the service of process in the lien action. Since the default judgment in the lien action removed defendant’s title to the premises, they were not required to be joined as defendants in the mortgage action. It follows that any failure to serve them in the mortgage action would not affect the ultimate judgment of foreclosure. Accordingly, defendants’ motion to vacate is denied.

 "5. Judgment * * * 386 (2)
"Principles of laches may limit a judgment debtor’s efforts to vacate judgment for lack of jurisdiction.” (Roosevelt Hardware v Green, 424 NYS2d 276.)