■ EUROPEAN AMERICAN BANK, Respondent, v AVINOAM ABRAMOFF et al., as Administrators of the Estate of MICHAEL ABRAMOFF, Deceased, Appellants. [608 NYS2d 233] —In an action pursuant to CPLR 3213 to recover on a promissory note, the defendants, as administrators of the estate of Michael Abramoff, appeal from an order and judgment (one paper), of the

Supreme Court, Nassau County (Molloy, J.), entered September 27, 1990, which granted the plaintiff's motion and is in favor of the plaintiff and against the defendants' decedent in the sum of $401,455.27.

Ordered that the order and judgment is affirmed, with costs.

The court properly ruled that service of process was proper where the process server submitted an affidavit of service, as well as an additional affidavit, attesting to his service of process upon the decedent's cotenant, 30-year old Anna Salvator, at the decedent's home on July 19, 1989, and to mailing another copy to the same residence address five days later (see, CPLR 308 [2]). The decedent's brother, who did not live with the decedent, submitted an affidavit claiming that two copies of the summons and notice of motion were slipped under the door of the decedent's home while the decedent was out of town, but that neither had arrived by mail. However, service by mail is complete, regardless of delivery, where the mailing itself is proper (see, 14 Second Ave. Realty Corp. v Szalay, 16 AD2d 919). The bald denial of receipt of process served by mail is insufficient to rebut the inference of proper mailing which may be drawn from a duly executed affidavit of service (see, Public Adm'r of County of N. Y. v Markowitz, 163 AD2d 100; Colon v Beekman Downtown Hosp., 111 AD2d 841; De Forte v Doctors Hosp., 66 AD2d 792). Furthermore, no hearing was required, because there was no "sworn denial" by the decedent of service, nor did the decedent swear to specific facts in support of any denial of proper service (see, e.g., Ninth Fed. Sav. & Loan Assn. v Yelder, 107 AD2d 799; Green Point Sav. Bank v Taylor, 92 AD2d 910; Howard v Spitalnik, 68 AD2d 803; Federal Natl. Mtge. Assn. v Rick Mar Constr. Corp., 138 Misc 2d 316).

Summary judgment was properly granted where, as here, the plaintiff established the decedent's liability on the note, which on its face was payable on demand. The decedent failed to submit evidence sufficient to raise any genuine issue of fact (see, CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 560; Columbus Trust Co. v Campolo, 110 AD2d 616, affd 66 NY2d 701). There is no writing evidencing any modification of the parties' agreement, and an alleged oral agreement varying an unconditional obligation of a note will not suffice to defeat a motion for summary judgment (see, Manufacturers Trust Co. v Palmer, 13 AD2d 772; see also, Franklin Natl. Bank v Wall St. Commercial Corp., 40 Misc 2d 1003, affd 21 AD2d 878).

Finally, discovery is not warranted where, as here, no genuine defense has been articulated, but only "vague allegations of wrongdoing" *(see, Citibank v Furlong,* 81 AD2d 803, 804; *Auerbach v Bennett,* 47 NY2d 619, 636). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.