■ New York State Higher Education Services Corporation, Respondent, v Freder De John, Appellant. [638 NYS2d 523] —Mercure, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered May 17, 1995 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover the balance due on a guaranteed student loan. Defendant's answer, verified by his attorney, asserted as an affirmative defense that defendant "ha[d] not been served with the summons and complaint". Defendant then moved for summary judgment on that affirmative defense, the sole supporting evidence being an affidavit of his father, Freder De John, Sr. Supreme Court denied the motion and defendant appeals.

We affirm. We agree with Supreme Court that De John's affidavit, merely stating that the summons and complaint in this action were served during June 1992 and that defendant moved from De John's home during July 1975, "has never returned" and did not reside with De John at the time of service of the summons and complaint, was insufficient to establish prima facie plaintiff's failure to obtain personal jurisdiction over defendant (*see*, CPLR 308). Accordingly, defendant's motion was properly denied (*see*, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.