■ IRIS MALDONADO et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [644 NYS2d 572] —In a negligence action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated July 5, 1995, which, after a hearing, in effect denied its motion for summary judgment dismissing the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly concluded that the plaintiffs obtained jurisdiction over the County of Suffolk (hereinafter

the County). The affidavit of service by the plaintiffs' process server which specified, *inter alia*, "the papers served, the person who was served and the date, time, address * * * and set forth facts showing that the service was made by an authorized person and in an authorized manner" (CPLR 306 [a]), constituted prima facie evidence of proper service (*see, Sando Realty Corp. v Aris*, 209 AD2d 682; *European Am. Bank v Abramoff*, 201 AD2d 611, 612). In the absence of a sworn denial that the County was so served, no hearing was necessary on this issue (*see, Sando Realty Corp. v Aris, supra; European Am. Bank v Abramoff, supra*).

Moreover, although the plaintiffs may have served the County with a summons which did not "bear the index number assigned and the date of filing with the clerk of the court" (CPLR 305 [a]), the omission was not a jurisdictional defect (*see, Cellular Tel. Co. v Village of Tarrytown*, 209 AD2d 57, 64). In any event, the record establishes that the County was served with a summons which did, in fact, contain both an index number and the filing date. Under these circumstances, dismissal of the action was not warranted (*see, Cellular Tel. Co. v Village of Tarrytown, supra*).

Finally, the plaintiffs proved by a preponderance of the evidence (*see, Matter of Griffin v Griffin*, 215 AD2d 386) that they served the County in compliance with CPLR 311 (4). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.