[667 NYS2d 493]

In the Matter of City of Amsterdam, Respondent, v Board of Assessors of the Town of Providence et al., Appellants. (And Another Related Proceeding.)

Third Department, January 8, 1998

### APPEARANCES OF COUNSEL

*DeGraff, Foy, Holt-Harris & Kunz, L. L. P.,* Albany *(Jonathan L. Federman* of counsel), for appellants.

*Vincent E. Vicinanzo,* Amsterdam, for respondent.

### OPINION OF THE COURT

WHITE, J.

The pertinent facts as related by petitioner are that it commenced these RPTL article 7 real property tax certiorari proceedings on July 26, 1996 by purchasing an index number and filing the notices of petition and petitions in the Saratoga County Clerk's office. Thereafter, on August 2, 1996, the notices and petitions were served upon the Clerk of the Town of Providence, Saratoga County. On August 9, 1996 petitioner mailed copies of the filed documents to the clerks of the two school districts affected by these proceedings and filed the proof of service upon respondents in the Saratoga County Clerk's office. Instead of answering, respondents moved to dismiss the proceedings on the grounds that petitioner failed to comply with RPTL 708 (3) and CPLR 305 (a). Supreme Court found otherwise and, in a single judgment, denied respondents' motions, prompting this appeal.

Prior to its amendment in 1995, RPTL 708 (3) required a petitioner, within 10 days of the service of a notice and petition upon a municipality, to mail copies thereof to the clerk of any school district that would be affected by a tax certiorari proceeding. Effective January 1, 1996, the statute was amended to provide that "the affected school board shall be deemed a necessary party" (L 1995, ch 693, § 1). The mailing requirement was continued as was the statute's last sentence stating in essence that the school district should not "be deemed to have been made a party to the proceeding", thus rendering the statute internally inconsistent (*id.*). Recognizing this, the stat-

ute was amended on August 8, 1996, effective January 1, 1996, by repealing the language relating to a school board's standing, by substituting the superintendent of schools for the clerk as the recipient of the mailing of the notice and petition and by requiring proof of such mailing be filed with the court within 10 days of mailing (L 1996, ch 503, § 1). The statute was further amended to provide that failure to comply with its provisions "shall result in the dismissal of the petition, unless excused for good cause shown" (*id.*).

Taking into account the fact that the commencement of these proceedings and the 1996 amendment of RPTL 708 (3) occurred almost simultaneously, there is good cause for petitioner's noncompliance as it would be unreasonable to expect it to have been aware of the new mailing and filing requirements under such circumstances. Moreover, petitioner did comply with the mailing requirements that were incorporated in what it believed was the controlling statute. Thus, we concur with Supreme Court's denial of this aspect of respondents' motions.

■ As relevant, CPLR 305 (a), made applicable to these proceedings by RPTL 704, states that "[a] summons * * * shall bear the index number assigned and the date of filing with the clerk of the court" so that the defendant can determine if the action has been commenced within the applicable Statute of Limitations and whether the process was served within the time frame established by CPLR 306-b (a) (Alexander, 1992 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C305:1, 1997-1998 Pocket Part, at 97). There is no dispute that the notices here did not contain the index number or the date of filing, raising the issue of whether they were thereby rendered jurisdictionally defective. Other appellate courts facing this issue have found that noncompliance with CPLR 305 (a) constitutes a mere irregularity; however, in those cases the plaintiffs cured their noncompliance by service of new process within the time frame prescribed by CPLR 306-b (a) (*see, e.g.*, *Maldonado v County of Suffolk*, 229 AD2d 376; *Cellular Tel. Co. v Village of Tarrytown*, 209 AD2d 57, 64, *lv denied* 86 NY2d 701).

While that did not occur here, our determination is the same predicated upon the legislative history of CPLR 305 (a) and 306-a. Shortly after the Legislature in 1991 enacted CPLR 306-a, requiring the filing of a summons with the clerk of the court and the purchase of an index number prior to service (L 1991, ch 166, § 381), it amended CPLR 306-a (b) to provide that the "[s]ervice of a summons which does not bear an assigned

index number shall be deemed a nullity" (L 1992, ch 55, § 394). When the commencement by filing statute was enacted, this provision was not included (L 1992, ch 216, §§ 5, 6, 7), a clear indication that the Legislature considered the penalty of dismissal too harsh for the failure to designate the index number on the summons. Therefore, in the absence of demonstrable prejudice to respondents, we concur with Supreme Court's determination not to dismiss these proceedings.

MERCURE, J. P., PETERS and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, with costs.