■ ALLAN H. CONSEUR, Respondent, v EUGENE AND ROBERT, INC., et al., Appellants. [668 NYS2d 947] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), entered June 2, 1997, as denied those branches of their respective motions which were to dismiss the first cause of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendants allegedly agreed that if the plaintiff continued in the defendants' employment until the defendant corporation was sold, the defendants would pay him 10% of the net proceeds of the sale. The Supreme Court properly determined that the alleged oral contract is not barred by the Statute of Frauds as set forth in UCC 1-206, 2-201, and 8-319 (*see, e.g., Miller Assocs. v Ganger,* 201 AD2d 461). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.

■ RICKY DAVIS, Respondent, v CITY OF NEW YORK, Defendant, and ROTHSCHILD ASSOCIATES et al., Appellants. [668 NYS2d 947] —In an action to recover damages for personal injuries, the defendants Rothschild Associates and Alan Rothschild appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated April 1, 1997, as granted the plaintiff's motion to dismiss the third affirmative defense asserted in their joint answer alleging lack of jurisdiction over the defendant Alan Rothschild.

Ordered that the appeal by the defendant Rothschild Associates is dismissed, as it is not aggrieved by the portion of the order dated April 1, 1997, from which the appeal is taken; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Alan Rothschild; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellants.

The Supreme Court properly granted the plaintiff's motion to dismiss the affirmative defense of lack of jurisdiction over the defendant Alan Rothschild, as he failed to "swear to specific facts in support of any denial of proper service" (*European Am. Bank v Abramoff,* 201 AD2d 611, 612), and the affidavit by Rothschild's father "was insufficient to establish prima facie plaintiff's failure to obtain personal jurisdiction over [him]" (*New York State Higher Educ. Servs. Corp. v De John,* 224 AD2d 904). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.