■ In the Matter of THOMAS CONNOLLY et al., Appellants-Respondents, v WANDA CHENOT et al., Respondents, and THOMAS WADE, as a Commissioner of the Rensselaer County Board of Elections, Respondent-Appellant. [712 NYS2d 234] —Per Curiam. Cross appeals from an order of the Supreme Court (Canfield, J.), entered August 8, 2000 in Rensselaer County, which, in a proceeding pursuant to Election Law § 16-102, granted respondent Thomas Wade's motion to dismiss the petition for, *inter alia*, lack of jurisdiction.

Petitioner Thomas Connolly, a candidate for the party position of Member of the County Committee of the Independence Party of Rensselaer County, and others* commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petitions of those respondents who are seeking membership in the Independence Party County Committee from various election districts within Rensselaer County. Respondent Thomas Wade, a Commissioner of the Rensselaer County Board of Elections, moved to dismiss the proceeding on several procedural grounds, including lack of personal jurisdiction. Wade also sought the imposition of sanctions pursuant to 22 NYCRR 130-1.1. Supreme Court granted the motion to dismiss but denied the request for sanctions, prompting these appeals.

We affirm. As a starting point, we reject petitioners' assertion that Wade was without authority to bring the underlying motion to dismiss. Assuming, without deciding, that Wade, as an individual Commissioner, could not unilaterally undertake "official action" on behalf of the Rensselaer County Board of Elections (*see generally, Gagliardo v Colascione*, 153 AD2d 710, *lv denied* 74 NY2d 609), he nonetheless was entitled, as a named party to this proceeding, to bring the instant motion to dismiss (*see*, CPLR 3211 [a]).

Turning to the specific procedural objections raised, although we agree that petitioners' failure to comply with the requirements of CPLR 305 (a) does not warrant dismissal of this proceeding (*see, Cruz v New York City Hous. Auth.*, 269 AD2d

---

* To the extent that the caption in the subject petition does not comport with the requirements of CPLR 2101 (c), such defect may be disregarded where, as here, a substantial right of a party is not prejudiced (*see*, CPLR 2101 [f]).

108, 109; *Matter of City of Amsterdam v Board of Assessors*, 237 AD2d 63, 65-66), we nonetheless are of the view that Supreme Court properly dismissed the petition for lack of personal jurisdiction. As the Court of Appeals succinctly stated in *Matter of Gershel v Porr* (89 NY2d 327): "The procedure to commence a special proceeding, and its statutorily prescribed sequence, is manifest from the terms of the commencement-by-filing statute: the petitioner must first purchase an index number and file with the court a notice of petition or order to show cause along with a petition, then effect service of the filed papers on respondent, and finally file proof of service with the court within the statutory period" (*id.*, at 332 [citations omitted]; *see*, CPLR 304). "[S]ervice of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced" (*Matter of Gershel v Porr, supra,* at 330; *see, Matter of Gleason [Michael Vee, Ltd.],* 271 AD2d 736). As this Court previously has held, the filing requirements set forth in CPLR 304 apply with equal force to proceedings commenced under the Election Law (*see, Matter of Isabella v Hotaling,* 207 AD2d 648, 649, *lv denied* 84 NY2d 801), and "[s]trict compliance with the statute is required" (*Matter of Gleason [Michael Vee, Ltd.], supra,* at 737).

Here the record demonstrates, and the parties do not dispute, that petitioners served respondents prior to filing the order to show cause and petition and paying the required fee. Although Wade asserts and Supreme Court found that petitioners' failure to follow the prescribed procedure rendered service upon respondents a nullity, petitioners offer various arguments in support of their contention that personal jurisdiction nonetheless was obtained. In our view, none of these arguments has merit.

First, petitioners assert that the language of the order to show cause itself expressly permitted service upon respondents prior to purchasing an index number and filing the required papers with the Court Clerk. We cannot agree. The order to show cause issued by Supreme Court (Teresi, J.) provided, in relevant part, that petitioners were "granted leave of the Court to file the within papers and purcahse [*sic*] an RJI and Index number on or before July 27, 2000, as provided for in the CPLR." To our reading, while such language indeed established the timetable to be followed by the parties, it neither expressly authorized nor reasonably implied that service could be effected prior to filing.

Nor are we persuaded that the exception to the com-

mencement-by-filing procedures set forth in CPLR 304 has been invoked in this matter. In this regard, CPLR 304 provides that "[w]here a court finds that circumstances prevent immediate filing, the signing of an order requiring the subsequent filing at a specific time and date not later than five days thereafter shall commence the action." To our reading, however, there simply is insufficient language in the underlying order to show cause to establish that it indeed was intended to be "an order" permitting subsequent filing under CPLR 304. Moreover, even accepting that Justice Teresi intended to afford petitioners the benefit of the cited exception, the fact remains that the time limits and service provisions contained in the order to show cause plainly allowed petitioners sufficient time to serve respondents after filing. Stated another way, petitioners have not demonstrated, and the record certainly fails to establish, that the circumstances confronting petitioners prevented immediate filing. Absent such a showing, petitioners cannot avail themselves of the exception set forth in CPLR 304.

For the foregoing reasons, we conclude that Supreme Court properly dismissed the petition for lack of personal jurisdiction. In light of this conclusion, we need not reach the other grounds for dismissal asserted by Wade.

As for Wade's cross appeal, based upon our review of the record before us, we cannot say that Supreme Court erred in denying Wade's request for sanctions. Although petitioners certainly could have been more diligent in complying with the mandates of the CPLR and the Election Law, their conduct did not rise to the level necessary to impose sanctions under 22 NYCRR 130-1.1. Accordingly, Supreme Court's order is affirmed.

Crew III, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.