■ In the Matter of DON JUAN BRITT, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [758 NYS2d 551] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered August 26, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of personal jurisdiction.

Petitioner commenced this CPLR article 78 proceeding seeking review of a determination finding him guilty of violating a prison disciplinary rule. Although petitioner served process upon the Attorney General, he failed to effect service upon respondent thereby violating the relevant directives in the order to show cause. Supreme Court thereafter granted respondent's motion to dismiss the proceeding for lack of personal jurisdiction, prompting this appeal.

While procedural requirements may be relaxed in cases where "imprisonment presented obstacles beyond [an inmate's] control which prevented compliance" (*Matter of Gittens v Selsky*, 193 AD2d 986, 987 [1993]), no such showing has been made here. Accordingly, the petition was properly dismissed (*see Matter of Morales v Selsky*, 278 AD2d 603 [2000], *lv denied* 96 NY2d 708 [2001]). We are unpersuaded by petitioner's contention that respondent's motion to dismiss the proceeding was invalidated by a typographical error in the text of respondent's notice of motion to dismiss, where the year of the motion's return date was incorrectly listed as June 7, 2001, rather than June 7, 2002. At all other times in the notice of motion, as well as in all of the other documents relating to this motion, the correct year is shown. Inasmuch as petitioner has failed to demonstrate that he suffered any prejudice as the result of this obvious mistake, it was properly disregarded (*see* CPLR 2001).

Cardona, P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.