■ In the Matter of JEFFREY DICKS, Appellant, v JOSEPH WILLIAMS, as Superintendent of Lincoln Correctional Facility, et al., Respondents. [764 NYS2d 225] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 11, 2003 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

Petitioner commenced this CPLR article 78 proceeding to challenge a determination removing him from the temporary release program. By order to show cause dated November 14, 2002, petitioner was directed to serve respondents and the Attorney General with the order to show cause, petition and any supporting papers by ordinary first class mail. Thereafter, respondents moved to dismiss the petition on the ground of

lack of personal jurisdiction having only been served with the order to show cause. Notwithstanding petitioner's proffered excuse that he had previously served the petition and supporting papers in September 2002, prior to the execution of the order to show cause, Supreme Court granted respondents' motion and dismissed the petition. We affirm. An inmate's failure to comply with the service directives in the order to show cause requires dismissal for lack of personal jurisdiction absent a showing that imprisonment presented an obstacle to the service requirements (*see Matter of Britt v Goord,* 305 AD2d 829 [2003]; *Matter of McEachin v Goord,* 301 AD2d 902 [2003]). In addition to failing to serve the necessary papers in accordance with the order to show cause, the record also establishes that petitioner served the order to show cause after the date set forth in the order. Under these circumstance, we find no reason to disturb the court's decision (*see Matter of Boustani v Goord,* 298 AD2d 732 [2002]; *Matter of Connolly v Chenot,* 275 AD2d 583 [2000]). We are, accordingly, precluded from addressing the merits of the petition.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.