HPH Milano, LLC v Iakouchevitch (2024 NY Slip Op 50036(U))

[*1]

HPH Milano, LLC v Iakouchevitch

2024 NY Slip Op 50036(U)

Decided on January 16, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570088/23

HPH Milano, LLC, Petitioner-Landlord-Respondent, 
against
Marina R. Iakouchevitch and Vladimir I. Boutoussov, Respondents-Tenants-Appellants.

Tenants, as limited by their brief, appeal from so much of an order of the Civil Court of the City of New York, New York County (Karen May Bacdayan, J.), dated February 7, 2023, as denied their five motions seeking various forms of relief, in a holdover summary proceeding.

Per Curiam.
Order (Karen May Bacdayan, J.), dated February 7, 2023, affirmed without costs.
Civil Court properly denied tenants' motions. Tenants' claims of improper service were properly rejected. The January 25, 2023 affidavit of the process server provides the date and time of the service, and states that copies of the petition and notice of petition were conspicuously affixed to the door of "Apt#6B" after two unsuccessful attempts at personal service, and that additional copies were mailed to tenants by certified and regular first class mail (see RPAPL 735[1]). The December 22, 2022 affidavit of the process server indicates that on a specified date and time, copies of the notice of termination were delivered to a specifically described person of suitable age and discretion who resides at the premises, followed by the requisite mailing (see id.). These affidavits constitute prima facie evidence of proper service (see Matter of Baer v Lipson, 194 AD2d 787 [1993], lv dismissed 83 NY2d 788 [1994]). In opposition, tenants did not swear to specific facts to rebut the statements in the process server's affidavits (see Simonds v Grobman, 277 AD2d 369 [2000]; Maldonado v County of Suffolk, 229 AD2d 376 [1996]). The written statements submitted by tenants in support of their motions were neither sworn to nor affirmed to be true under penalty of perjury (see CPLR 2106) and thus did not constitute competent evidence (see Municipal Testing Lab., Inc. v Brom, 38 AD3d 862 [2007], lv dismissed 8 NY3d 1004 [2007]).
For similar reasons, tenants' unsworn contentions that the copy of the notice of termination served upon them differed from the one filed by landlord, and that landlord waived its right to pursue its possessory claim by accepting post-termination rent checks, are also [*2]rejected. With respect to the latter argument, we note that tenants admitted on the record that landlord returned the post-termination rent checks previously tendered (see 1700 First Ave. LLC v Parsons-Novak, 46 Misc 3d 30 [App Term, 1st Dept 2014]).
The notice of termination was reasonable "in view of the attendant circumstances" (Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv dismissed in part and denied in part, 90 NY2d 829 [1997]), since it set forth case-specific allegations tending to support landlord's nuisance claim with sufficient detail to have allowed tenants to prepare a defense (see City of New York v Valera, 216 AD2d 237 [1995]), and otherwise satisfied the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2(b) (see 12 Broadway Realty, LLC v Levites, 44 AD3d 372 [2007]).
The misspelling of the first named tenant's surname as "Lakouchevitch," instead of "Iakouchevitch," (emphasis added) caused no discernible prejudice and did not render the proceeding jurisdictionally defective (see Kahn v 230-79 Equity, 2 Misc 3d 140[A], 2004 NY Slip Op 50302[U] [App Term, 1st Dept 2004]). Tenants' remaining arguments, to the extent properly before us on this appeal, have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 16, 2024